# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC.,<br><br>    Plaintiff,<br><br>v.<br><br>RADHA JAIN and JOANNA COHEN,<br><br>    Defendants. | Civil Action No. 25-cv-8985<br><br>**[PROPOSED] ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY** |

  Upon the Summons and Complaint of Plaintiff Palantir Technologies Inc. ("Palantir") and accompanying Memorandum of Law in Support of Palantir's Application for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, and the declarations submitted in support thereof, and good and sufficient reason appearing to me therefor, it is hereby:

  **ORDERED**, that Defendants Radha Jain and Joanna Cohen show cause before a motion term of this Court, at Room _____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on _____, at \_\_\_ o'clock, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure preliminarily enjoining Defendants:

- from disclosing or using any inventions (whether or not patentable), works of authorship, mask works, designs, know-how, ideas and information made or conceived or reduced to practice, in whole or in part, by Defendants during their employment with Palantir, and all other business, technical and financial information, including, without limitation, the identity of and information relating to customers or employees, price lists, pricing structures, marketing and sales information, business plans or dealings, designs, formulae, or research activities that Defendants learned or obtained during their employment that related to Palantir, or that were received by or for Palantir, in

confidence (collectively, "Proprietary Information");

- for twelve (12) months immediately following issuance of the preliminary injunction order from engaging in any activity in which Defendants perform the job functions that Defendants performed during their employment with Palantir, directly or indirectly, in whole or part, as an employee, employer, owner, operator, manager, advisor, consultant, agent, partner, director, stockholder, officer, intern or any other similar capacity for Percepta AI LLC or any other entity engaged in the same or similar business as Palantir, including those engaged in the business of developing and selling analytical software, whether existing or planned; and
- for twenty-four (24) months immediately following issuance of the preliminary injunction order from:
    - (i) contacting, or causing to be contacted, directly or indirectly, or engaging in any form of oral, verbal, written, recorded, transcribed, or electronic communication with any persons or entities that have used or inquired of Palantir's services at any time during the two-year period preceding the termination of Defendants' respective employment with Palantir for the purposes of conducting business that is competitive or similar to that of Palantir or for the purpose of disadvantaging Palantir's business in any way;
    - (ii) soliciting, encouraging, or inducing, or causing to be solicited, encouraged or induced, directly or indirectly, any franchisee, joint venture, supplier, vendor or contractor who conducted business with Palantir at any time during the two-year period preceding the termination of Defendants' respective employment with Palantir, to terminate or adversely modify any business relationship with

Palantir or not to proceed with, or enter into, any business relationship with Palantir, or otherwise interfere with any business relationship between Palantir and any such franchisee, joint venture, supplier, vendor or contractor; and/or

- o (iii) directly or indirectly soliciting, or recruiting, or attempting to solicit, or recruit, any employee of Palantir to leave their employment with Palantir, or contact any employee of Palantir, or cause an employee of Palantir to be contacted, for the purpose of leaving employment with Palantir.

**ORDERED** that, sufficient reason having been shown therefor, pending the hearing on Palantir's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants are temporarily enjoined from:

- disclosing or using any Proprietary Information within Defendants' possession, custody, or control, and required to promptly return to Palantir all items containing or embodying Proprietary Information within Defendants' possession, custody, or control;
- engaging in any activity in which Defendants perform the job functions that Defendants performed during their employment with Palantir, directly or indirectly, in whole or part, as an employee, employer, owner, operator, manager, advisor, consultant, agent, partner, director, stockholder, officer, intern or any other similar capacity for Percepta AI LLC or any other entity engaged in the same or similar business as Palantir, including those engaged in the business of developing and selling analytical software, whether existing or planned; and
  - o (i) contacting, or causing to be contacted, directly or indirectly, or engaging in any form of oral, verbal, written, recorded, transcribed, or electronic

communication with any persons or entities that have used or inquired of Palantir's services at any time during the two-year period preceding the termination of Defendants' respective employment with Palantir for the purposes of conducting business that is competitive or similar to that of Palantir or for the purpose of disadvantaging Palantir's business in any way;

- (ii) soliciting, encouraging, or inducing, or causing to be solicited, encouraged or induced, directly or indirectly, any franchisee, joint venture, supplier, vendor or contractor who conducted business with Palantir at any time during the two-year period preceding the termination of Defendants' respective employment with Palantir, to terminate or adversely modify any business relationship with Palantir or not to proceed with, or enter into, any business relationship with Palantir, or otherwise interfere with any business relationship between Palantir and any such franchisee, joint venture, supplier, vendor or contractor; and/or

- (iii) directly or indirectly soliciting, or recruiting, or attempting to solicit, or recruit, any employee of Palantir to leave their employment with Palantir, or contact any employee of Palantir, or cause an employee of Palantir to be contacted, for the purpose of leaving employment with Palantir.

**ORDERED** that, expedited discovery in preparation for the hearing on Palantir's application for a preliminary injunction is granted and: (i) Defendants are hereby ordered to respond to Palantir's limited written discovery requests and to produce responsive documents within five days of this Order and to appear for depositions within 10 days of this Order, which are hereby deemed reasonable time periods under the circumstances of this case to comply with discovery demands under, *inter alia*, Fed. R. Civ. P. 26, 30, 34;

and (ii) non-parties General Catalyst Group Management, LLC and Percepta AI LLC are hereby ordered to respond to Palantir's limited written discovery requests and to produce responsive documents within five days of this Order, which is hereby deemed a reasonable time period under the circumstances of this case to comply with discovery demands under, *inter alia*, Fed. R. Civ. P. 45; and it is further

**ORDERED** that Palantir shall serve a copy of this order and supporting papers on Defendants by Federal Express overnight mail and email on or before ____o'clock, _____, _____, which shall be deemed good and sufficient service thereof.

DATED: New York, New York

ISSUED: _____

_____
United States District Judge