# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br><br>        Plaintiff, <br><br>   v. <br><br> RADHA JAIN and JOANNA COHEN, <br><br>        Defendants. | Civil Action No. _____ |

**PLAINTIFF PALANTIR TECHNOLOGIES INC.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT JOANNA COHEN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Palantir Technologies Inc., by and through its undersigned counsel, requests that Defendant Joanna Cohen produce for inspection and copying the documents described below.  The documents requested herein are to be produced at the date set by the Court at the offices of undersigned counsel.

**DEFINITIONS**

The following Definitions shall govern the response and production of Documents and should be considered as part of each Request for production.

1. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are hereby incorporated and applied to these Requests for the production of Documents.

2. "Communication" means any contact, oral, written, or electronic, whereby information of any nature is transmitted or transferred, including e-mail, voicemail, instant messages, Slack messages, text/sms messages, iMessages, WhatsApp messages, messages sent through so-called ephemeral messaging applications (for example, Snapchat, Signal, Wickr, or

Telegram), and social media posts and/or messages (on Instagram, Facebook, X/formerly known as Twitter, Snapchat, or otherwise).

3. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody, or control, regardless of the medium on which they are produced, reproduced, or stored (including computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

4. "General Catalyst" refers to General Catalyst Group Management, LLC, including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of General Catalyst.

5. "Palantir" refer to Plaintiff Palantir Technologies Inc., including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of Palantir.

6. "Palantir Property" refers to any Documents or information created by any Persons in relation to their work for Palantir, including but not limited to inventions (whether or not

patentable), works of authorship, mask works, designs, know-how, ideas and information made or conceived or reduced to practice, in whole or in part, by such Persons during their employment with Palantir, and all other business, technical and financial information, including, without limitation, the identity of and information relating to customers or employees, price lists, pricing structures, marketing and sales information, business plans or dealings, designs, formulae, or research activities that such Persons learned or obtained during their employment that related to Palantir, or that were received by or for Palantir, in confidence.

7. "Percepta" refers to Percepta AI LLC, including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of Percepta.

8. "Person" means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

9. "Regarding" means in whole or in part relating to, concerning, reflecting, alluding to, mentioning, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

10. "You" and "Your" refer to Defendant Joanna Cohen.

## INSTRUCTIONS

The following Instructions shall govern the response and production of Documents.

1. In answering and responding to these Requests, please furnish each and every Document that is in Your possession, custody, or control, or that is in the possession, custody, or control of Your principals, agents, employees, attorneys, representatives, consultants, insurers, and any other Persons or entities acting on Your behalf.

2. Each Request seeks production of the Document in its entirety, without abbreviation, redaction, expurgation, or modification, including all attachments, enclosures, or other matters affixed thereto. Documents attached to each other, including , but not limited to, by staple, clip, tape, email attachment, or "Post-It" note, should not be separated.

3. Draft or non-identical copies are to be considered separate Documents for purposes of these Requests. Any and all drafts and copies of each Document that are responsive to any Request shall be produced, as shall all copies of such Documents that are not identical in any respect, including, but not limited to, copies containing handwritten notes, notations, stamps, highlightings, underlinings, interlineations, or any other markings. The author(s) of all handwritten notes should be identified.

4. Unless otherwise agreed, Documents must be produced as they are kept in the usual course of business. Documents shall be produced in the order in which they appear in their files, and Documents shall not be shuffled or otherwise rearranged. Documents that are segregated or separated from other Documents, whether by use of binders, files, subfiles, or by dividers, tabs, or any other method, shall be left so segregated or separated. All labels or other forms of identification contained, placed, attached, or appended on or to any binders, files, subfiles, dividers, or tabs shall be produced. Electronic Documents and data that are electronically searchable should be produced in a form that does not remove or degrade this feature.

5. Unless otherwise agreed, if any responsive Document is withheld, in whole or in part, for any reason, including but not limited to any claim of privilege, set forth separately with respect to each such Document: (a) the type of Document (i.e., letter, memorandum, etc.); (b) the author(s) of the Document; (c) the addressee(s) of the Document; (d) the date of the Document; (e) the identity of all Persons having received copies of the Document, seen the Document, or to whom the Document was disclosed; (f) the subject matter of the Document; (g) a brief statement or synopsis of the matters dealt with in the Document and/or the circumstances surrounding the making of the Document; and (h) the nature of the privilege or other rule relied upon in withholding production of the Document. If a portion of any Document responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such Document must be produced, with the portion claimed to be privileged redacted. Any Document produced in redacted form should clearly indicate on its face that it has been redacted.

6. If there are no Documents responsive to any particular Request, so state in writing.

7. If any Request or any portion thereof is objected to, state the grounds for objection with specificity and produce Documents to the extent the Request is not objected to.

8. These Requests are continuing in nature. If, after producing any Document in response to these Requests, You obtain or become aware of additional responsive information, You are required to provide such information or Documents by way of a supplemental production, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

9. The relevant time period, unless otherwise indicated, shall be from August 1, 2024, to the present and shall include all Documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received before or after that period.

## **REQUESTS FOR PRODUCTION**

1. All Palantir Property, including but not limited to electronic Documents and Communications.

2. All Documents and Communications Regarding Palantir Property.

3. All Documents and Communications Regarding or with Percepta or General Catalyst from before You joined Percepta.

4. Documents sufficient to show your role, duties, and responsibilities at Percepta.

5. All Documents and Communications Regarding Your non-competition, non-solicitation, confidentiality, or return of property obligations to Palantir.

6. All Documents and Communications Regarding Your actual or attempted solicitation and/or recruitment, whether direct or indirect, of Palantir employees, customers, franchisees, joint ventures, suppliers, vendors, or contractors to Percepta.

7. Documents sufficient to show Percepta's business, including but not limited to its purpose, product, technology, staffing, structure, relationship to General Catalyst, market, mission, and objectives.

Dated: October 30, 2025
      New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Harris M. Mufson*
    Harris M. Mufson
    Ilissa Samplin
    Justin M. DiGennaro
    Zachary A. Schreiber

GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
hmufson@gibsondunn.com
jdigennaro@gibsondunn.com
zschreiber@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213-229-7000
isamplin@*gibsondunn*.com

*Attorneys for Plaintiff*