# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PALANTIR TECHNOLOGIES INC.,

               Plaintiff,

    v.

RADHA JAIN and JOANNA COHEN,

               Defendants.

Civil Action No. _____

---

## PLAINTIFF PALANTIR TECHNOLOGIES INC.'S
## FIRST SET OF INTERROGATORIES TO DEFENDANT JOANNA COHEN (NOS. 1-3)

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 33.3, Plaintiff Palantir Technologies Inc., by and through its undersigned counsel, hereby requests and demands that Defendant Joanna Cohen respond to the following interrogatories (the "Interrogatories," and each an "Interrogatory") separately and fully, in writing and under oath, and in accordance with the Definitions and Instructions.  The responses requested herein are to be provided at the day set by the Court.

## DEFINITIONS

      The following Definitions shall govern the response and production of Documents and should be considered as part of each Request for production.

      1.     The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are hereby incorporated and applied to these Requests for the production of Documents.

      2.     "Communication" means any contact, oral, written, or electronic, whereby information of any nature is transmitted or transferred, including e-mail, voicemail, instant messages, Slack messages, text/sms messages, iMessages, WhatsApp messages, messages sent

through so-called ephemeral messaging applications (for example, Snapchat, Signal, Wickr, or Telegram), and social media posts and/or messages (on Instagram, Facebook, X/formerly known as Twitter, Snapchat, or otherwise).

3. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody, or control, regardless of the medium on which they are produced, reproduced, or stored (including computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence.  Any document bearing marks, including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

4. "General Catalyst" refers to General Catalyst Group Management, LLC, including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of General Catalyst.

5. "Palantir" refer to Plaintiff Palantir Technologies Inc., including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of Palantir.

6.      "Palantir Property" refers to any Documents or information created by any Persons in relation to their work for Palantir, including but not limited to inventions (whether or not patentable), works of authorship, mask works, designs, know-how, ideas and information made or conceived or reduced to practice, in whole or in part, by such Persons during their employment with Palantir, and all other business, technical and financial information, including, without limitation, the identity of and information relating to customers or employees, price lists, pricing structures, marketing and sales information, business plans or dealings, designs, formulae, or research activities that such Persons learned or obtained during their employment that related to Palantir, or that were received by or for Palantir, in confidence.

7.      "Percepta" refers to Percepta AI LLC, including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of Percepta.

8.      "Person" means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other entity. The acts of a Person shall include  the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

9.      "Regarding" means in whole or in part relating to, concerning, reflecting, alluding to, mentioning, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

10.      "You" and "Your" refer to Defendant Joanna Cohen.

## INSTRUCTIONS

1.      These interrogatories call for information (including any information contained in or on any document) that is known or available to You, or in Your possession, custody, or control, including all information known or available to Your attorneys, agents, representatives, or any other Person acting or purporting to act on Your behalf or under the direction or control of You or Your attorneys, agents, representatives, or investigators.

2.      If you withhold any information or decline to fully identify any Person, Document, or Communication, or portion thereof, in response to any of the interrogatories set forth below on grounds of privilege or any other claim of immunity from discovery, then for each identification, document, communication, or portion thereof withheld, state the following: (a) the type of document (*e.g.*, letter, memorandum, contract, etc.); (b) its title; (c) its date; (d) its subject matter; (e) the name, address, and employer at the time of preparation of the individuals who authored, drafted, or prepared it; (f) the name, address, and employer at the time of dissemination of the individuals to whom it was directed, circulated, or copied, or who had access thereto; and (g) the grounds on which the document is being withheld (*e.g.*, "attorney-client privilege," "work-product immunity," etc.).

3.      Because these discovery requests are continuing under Rule 26(e) of the Federal Rules of Civil Procedure, you remain under a duty to supplement or amend any response herein.

## INTERROGATORIES

1.      Identify all Palantir Property, including but not limited to electronic Documents and Communications, within your possession, custody, or control.

2.      Identify all Persons at Percepta or General Catalyst who you communicated with prior to joining Percepta.

3.    Identify all Palantir employees, customers, franchisees, joint ventures, suppliers, vendors, or contractors who you have actually or attempted to solicit and/or recruit, whether directly or indirectly, to Percepta.

Dated: October 30 , 2025                    Respectfully submitted,
         New York, New York

                                            GIBSON, DUNN & CRUTCHER LLP


                                            By: */s/ Harris M. Mufson*
                                            _____
                                                 Harris M. Mufson
                                                 Ilissa Samplin
                                                 Justin M. DiGennaro
                                                 Zachary A. Schreiber

                                                 GIBSON, DUNN & CRUTCHER LLP
                                                 200 Park Avenue
                                                 New York, NY  10166-0193
                                                 Telephone:  212.351.4000
                                                 hmufson@gibsondunn.com
                                                 jdigennaro@gibsondunn.com
                                                 zschreiber@gibsondunn.com

                                                 GIBSON, DUNN & CRUTCHER LLP
                                                 333 South Grand Avenue
                                                 Los Angeles, CA 90071-3197
                                                 Telephone: 213-229-7000
                                                 isamplin@gibsondunn.com

                                                 *Attorneys for Plaintiff*