# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

PALANTIR TECHNOLOGIES INC.,

        Plaintiff,

v.

RADHA JAIN and JOANNA COHEN,

        Defendants.

Civil Action No. _____

**PLAINTIFF'S NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS TO NON-PARTY PERCEPTA AI LLC**

PLEASE TAKE NOTICE THAT, pursuant to Rules 34(c) and 45 of the Federal Rules of Civil Procedure, Plaintiff Palantir Technologies Inc., by and through its undersigned attorneys, Gibson, Dunn & Crutcher LLP, will cause to be served the attached subpoena upon non-party Percepta AI LLC. The subpoena commands from Percepta the production of documents and things set forth in Exhibit A to the attached subpoena at the date set by the Court at the offices of the undersigned counsel.

Dated: October 30, 2025
     New York, New York

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Harris M. Mufson*
    Harris M. Mufson
    Ilissa Samplin
    Justin M. DiGennaro
    Zachary A. Schreiber

    GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
    New York, NY  10166-0193
    Telephone:  212.351.4000
    hmufson@gibsondunn.com
    jdigennaro@gibsondunn.com
    zschreiber@gibsondunn.com

    GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
    Los Angeles, CA 90071-3197
    Telephone: 213-229-7000
    isamplin@gibsondunn.com

    *Attorneys for Plaintiff*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Palantir Technologies Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| Radha Jain and Joanna Cohen | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Percepta AI LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, NY 10166-0193 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/30/2025

CLERK OF COURT
OR

_____          /s/ Harris M. Mufson
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Palantir Technologies Inc. , who issues or requests this subpoena, are:

Harris Mufson, hmufson@gibsondunn.com; Justin DiGennaro, jdigennaro@gibsondunn.com; (212) 351-4000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Palantir Technologies Inc., by and through its undersigned counsel, hereby commands Percepta AI LLC to produce for inspection and copying all documents described below in accordance with the Definitions and Instructions that follow. The documents requested herein are to be produced at the date set by the Court at the offices of undersigned counsel.

**DEFINITIONS**

The following Definitions shall govern the response and production of Documents and should be considered as part of each Request for production.

1. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure are hereby incorporated and applied to these Requests for the production of Documents.

2. "Communication" means any contact, oral, written, or electronic, whereby information of any nature is transmitted or transferred, including e-mail, voicemail, instant messages, Slack messages, text/sms messages, iMessages, WhatsApp messages, messages sent through so-called ephemeral messaging applications (for example, Snapchat, Signal, Wickr, or Telegram), and social media posts and/or messages (on Instagram, Facebook, X/formerly known as Twitter, Snapchat, or otherwise).

3. "Document" is defined broadly to be given the full scope of that term contemplated in Federal Rules of Civil Procedure 26 and 34, and includes all tangible things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a document, all drafts of final documents, all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession, custody, or control, regardless of the medium

on which they are produced, reproduced, or stored (including computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate document.

4. "General Catalyst" refers to General Catalyst Group Management, LLC, including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of General Catalyst.

5. "Palantir" refer to Plaintiff Palantir Technologies Inc., including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of Palantir.

6. "Palantir Property" refers to any Documents or information created by any Persons in relation to their work for Palantir, including but not limited to inventions (whether or not patentable), works of authorship, mask works, designs, know-how, ideas and information made or conceived or reduced to practice, in whole or in part, by such Persons during their employment with Palantir, and all other business, technical and financial information, including, without limitation, the identity of and information relating to customers or employees, price lists, pricing structures, marketing and sales information, business plans or dealings, designs, formulae, or research activities that such Persons learned or obtained during their employment that related to Palantir, or that were received by or for Palantir, in confidence.

7. "Percepta" refers to Percepta AI LLC, including all its corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of Percepta.

8. "Person" means any natural person or any business, proprietorship, firm, partnership, corporation, association, organization, or other entity. The acts of a Person shall include the acts of directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf.

9. "Regarding" means in whole or in part relating to, concerning, reflecting, alluding to, mentioning, discussing, bearing upon, commenting on, constituting, pertaining to, demonstrating, describing, depicting, directly or indirectly relating to, summarizing, containing, embodying, showing, comprising, evidencing, refuting, contradicting, analyzing, identifying, stating, dealing with, and/or supporting.

10. "You" and "Your" refer to Percepta, including any consultants, agents, representatives, attorneys, and any other Person acting on behalf of Percepta.

## INSTRUCTIONS

The following Instructions shall govern the response and production of Documents.

1. In answering and responding to these Requests, please furnish each and every Document that is in Your possession, custody, or control, or that is in the possession, custody, or control of Your principals, agents, employees, attorneys, representatives, consultants, insurers, and any other Persons or entities acting on Your behalf.

2. Each Request seeks production of the Document in its entirety, without abbreviation, redaction, expurgation, or modification, including all attachments, enclosures, or

other matters affixed thereto. Documents attached to each other, including, but not limited to, by staple, clip, tape, email attachment, or "Post-It" note, should not be separated.

3. Draft or non-identical copies are to be considered separate Documents for purposes of these Requests. Any and all drafts and copies of each Document that are responsive to any Request shall be produced, as shall all copies of such Documents that are not identical in any respect, including, but not limited to, copies containing handwritten notes, notations, stamps, highlightings, underlinings, interlineations, or any other markings. The author(s) of all handwritten notes should be identified.

4. Unless otherwise agreed, Documents must be produced as they are kept in the usual course of business. Documents shall be produced in the order in which they appear in their files, and Documents shall not be shuffled or otherwise rearranged. Documents that are segregated or separated from other Documents, whether by use of binders, files, subfiles, or by dividers, tabs, or any other method, shall be left so segregated or separated. All labels or other forms of identification contained, placed, attached, or appended on or to any binders, files, subfiles, dividers, or tabs shall be produced. Electronic Documents and data that are electronically searchable should be produced in a form that does not remove or degrade this feature.

5. Unless otherwise agreed, if any responsive Document is withheld, in whole or in part, for any reason, including but not limited to any claim of privilege, set forth separately with respect to each such Document: (a) the type of Document (i.e., letter, memorandum, etc.); (b) the author(s) of the Document; (c) the addressee(s) of the Document; (d) the date of the Document; (e) the identity of all Persons having received copies of the Document, seen the Document, or to whom the Document was disclosed; (f) the subject matter of the Document; (g) a brief statement or synopsis of the matters dealt with in the Document and/or the circumstances surrounding the

making of the Document; and (h) the nature of the privilege or other rule relied upon in withholding production of the Document. If a portion of any Document responsive to these Requests is withheld under claim of privilege, any non-privileged portion of such Document must be produced, with the portion claimed to be privileged redacted. Any Document produced in redacted form should clearly indicate on its face that it has been redacted.

6. If there are no Documents responsive to any particular Request, so state in writing.

7. If any Request or any portion thereof is objected to, state the grounds for objection with specificity and produce Documents to the extent the Request is not objected to.

8. These Requests are continuing in nature. If, after producing any Document in response to these Requests, You obtain or become aware of additional responsive information, You are required to provide such information or Documents by way of a supplemental production, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

9. The relevant time period, unless otherwise indicated, shall be from August 1, 2024, to the present and shall include all Documents and information that relate in whole or in part to such period, or to events or circumstances during such period, even though dated, prepared, generated, or received before or after that period.

## **DOCUMENTS REQUESTED**

1. All Palantir Property, including but not limited to electronic Documents and Communications.

2. All Documents and Communications Regarding or with Radha Jain from before Radha Jain joined Percepta.

3. Documents sufficient to show Radha Jain's role, duties, and responsibilities at Percepta.

4. All Documents and Communications Regarding or with Joanna Cohen from before Joanna Cohen joined Percepta.

5. Documents sufficient to show Joanna Cohen's role, duties, and responsibilities at Percepta.

6. Documents sufficient to show Percepta's business, including but not limited to its purpose, product, technology, staffing, structure, relationship to General Catalyst, market, mission, and objectives.