UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br>                 Plaintiff, <br> v. <br> RADHA JAIN and JOANNA COHEN, <br>                 Defendants. | Civil Action No. 1:25-cv-8985 <br><br> Hon. J. Paul Oetken |

**STIPULATED TEMPORARY RESTRAINING ORDER**

WHEREAS, on October 30, 2025, Plaintiff Palantir Technologies Inc. ("Palantir") filed its Complaint, Proposed Order to Show Cause for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, Memorandum of Law in Support of its Application for a Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, supporting Declarations and corresponding exhibits attached thereto;

WHEREAS, counsel for Defendants Radha Jain and Joanna Cohen ("Defendants") have met and conferred with counsel for Palantir concerning Palantir's requested relief;

WHEREAS, Defendants deny the allegations set forth in the above-referenced documents and plan to defend against this lawsuit, and without any admissions or waiver of any arguments or rights, the Parties have agreed to the interim relief set forth below.

**NOW, THEREFORE, THE PARTIES TO THIS STIPULATION AGREE AND STIPULATE THAT THE FOLLOWING TEMPORARY RESTRAINING ORDER BE ENTERED AS FOLLOWS**:

1. Pending the Court's resolution of Palantir's motion for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure:

    - **Confidentiality** – Defendants shall not use or disclose any documents or information:

(1) created by Defendants or other former Palantir employees, contractors, or consultants in relation to their work for Palantir; or (2) obtained in Defendants' course of employment with Palantir. This includes, but is not limited to, inventions (whether or not patentable), works of authorship, mask works, designs, know-how, ideas and information made or conceived or reduced to practice, in whole or in part, by Defendants or other former Palantir employees during their employment with Palantir, and all other business, technical and financial information, including, without limitation, the identity of and information relating to customers or employees, price lists, pricing structures, marketing and sales information, business plans or dealings, designs, formulae, or research activities that Defendants or other former Palantir employees learned or obtained during their employment that related to Palantir, or that were received by or for Palantir, in confidence ("Palantir Property");

- **Forensic Imaging** – Within five (5) days of this Order, Defendants shall forensically image any and all personal devices and data[1] storage accounts and locations (including but not limited to any external hard drives or jump drives, any cloud-based storage accounts, and any email or other personal communications account) (collectively, "Devices" and "Accounts") that contain or contained, to the best of Defendants' knowledge, Palantir Property, including any and all Devices that were used to access Palantir networks during the course of Defendants' employment with Palantir, and that are in the possession, custody, or control of Defendants or their counsel, and such forensic images are to be retained exclusively by counsel for Defendants for evidence

---

[1] "Data" includes any files or information, including but not limited to documents, presentations, spreadsheets, PDFs, notes, images, pictures, contacts, e-mails and other messages.

preservation purposes;

- **Return of Property** – Defendants shall return to Palantir all items containing or embodying Palantir Property within Defendants' possession, custody, or control, and following the forensic imaging referenced above, delete all such Palantir Property from their Devices and Accounts;

- **Non-Competition** – Defendants shall not perform any work, directly or indirectly, in whole or part, as an employee, employer, owner, operator, manager, advisor, contractor, consultant, agent, partner, director, stockholder, officer, intern or any other capacity for Percepta AI LLC ("Percepta"). Defendants shall also not perform the job functions that they performed during their employment with Palantir, directly or indirectly, in whole or part, as an employee, employer, owner, operator, manager, advisor, consultant, agent, partner, director, stockholder, officer, intern or any other similar capacity for any other entity engaged in the same or similar business as Palantir, including those engaged in the business of developing and selling analytical software, whether existing or planned.

- **Customer Non-Solicitation** – Defendants shall not contact or cause to be contacted, directly or indirectly, or engage in any form of oral, verbal, written, recorded, transcribed, or electronic communication with any persons or entities that have used or inquired of Palantir's services at any time during the two-year period preceding the termination of Defendants' respective employment with Palantir for the purposes of conducting business that is competitive or similar to that of Palantir or for the purpose of disadvantaging Palantir's business in any way.

- **Business Partner Non-Solicitation**. Defendants shall not solicit, encourage, or

induce, or cause to be solicited, encouraged or induced, directly or indirectly, any franchisee, joint venture, supplier, vendor, or contractor who conducted business with Palantir at any time during the two-year period preceding the termination of Defendants' respective employment with Palantir, to terminate or adversely modify any business relationship with Palantir or not to proceed with, or enter into, any business relationship with Palantir, or otherwise interfere with any business relationship between Palantir and any such franchisee, joint venture, supplier, vendor, or contractor.

- **Employee Non-Solicitation**.  Defendants shall not directly or indirectly solicit or recruit, or attempt to solicit or recruit, any employee of Palantir to leave their employment with Palantir, or contact, or attempt to contact, any employee of Palantir, or cause, or attempt to cause, an employee of Palantir to be contacted, for the purpose of leaving employment with Palantir.

2. Without prejudice to any Party's position on the propriety or enforceability of any restrictive covenant, in the event the Court grants Plaintiff's motion for a preliminary injunction that includes or is followed by any order imposing a temporal non-compete restraint, provided Defendants comply with this Stipulated Temporary Restraining Order, the period from the date the Court enters this Stipulated Temporary Restraining Order through the date of entry of the Court's order on Plaintiff's motion for a preliminary injunction shall be credited toward, and counted as time served against, any non-compete period imposed.  For avoidance of doubt, the number of calendar days between the date the Court enters this Stipulated Temporary Restraining Order and the date of entry of the Court's order on Plaintiff's motion for a preliminary injunction shall reduce, on a day-for-

day basis, the length of any non-compete period ultimately ordered. If Plaintiff has a good-faith basis to believe Defendants performed any work in violation of this Stipulated Temporary Restraining Order, Plaintiff reserves the right to request the Court strike this Paragraph 2 and disregard any such reduction(s).

3. Subject to the Parties entering into a mutually agreeable Stipulated Protective Order, Defendants are hereby ordered to serve responses and objections to Palantir's limited written discovery requests filed at ECF No. 8-3, 8-4, 8-5, and 8-6 and produce non-privileged, responsive documents by November 14, 2025, and to appear for depositions by November 25, 2025.

4. Defendants shall serve written discovery requests to Palantir by no later than November 4, 2025, which shall be limited in scope and number consistent with Plaintiff's discovery requests filed at ECF No. 8-3, 8-4, 8-5, and 8-6, and, subject to the Parties' Stipulated Protective Order, Palantir is hereby ordered to serve responses and objections to those limited written discovery requests and produce non-privileged, responsive documents by November 14, 2025. Plaintiff's employees who have submitted declarations shall appear for depositions by November 25, 2025. If requested by Defendants, a corporate representative of Palantir shall appear for a deposition by November 25, 2025 to answer questions about the factual basis for Palantir's alleged irreparable harm, including customer/prospect overlap, claimed deal impacts, revenue effects, and valuation or reputational impacts, and the bases for Palantir's assertions that Percepta is a "copycat" company.

5. Non-parties General Catalyst Group Management, LLC and Percepta are hereby ordered to serve responses and objections to Palantir's limited subpoenas at ECF 8-7 and

8-8 and, subject to the Parties' Stipulated Protective Order, to produce non-privileged, responsive documents by November 21, 2025. If requested by Plaintiff, a corporate representative of Percepta shall appear for a deposition by November 25, 2025 to answer questions about Percepta's business, its solicitation of Palantir's customers and employees (including Defendants), use or acquisition of Palantir's confidential information, and knowledge of Palantir's contracts with its employees (including Defendants).

6. The Parties agree to meet and confer in good faith about any limited supplemental discovery requests based upon discovery responses or document productions.

7. Palantir's Memorandum of Law in Support of its Application for a Preliminary Injunction (ECF No. 7) is withdrawn without prejudice.

8. Palantir shall file a renewed Memorandum of Law in Support of its Application for a Preliminary Injunction by December 12, 2025. Defendants' Opposition to Palantir's Renewed Application for a Preliminary Injunction shall be due January 12, 2026. Palantir's Reply in Support of Its Renewed Application for a Preliminary Injunction shall be due January 20, 2026. A hearing on Palantir's Application for a Preliminary Injunction shall be scheduled at the Court's earliest convenience thereafter.

9. Defendants have accepted service of the Complaint and waived all defenses with respect to the sufficiency of service of process. Defendants' time to answer, move to dismiss, or otherwise respond to the Complaint is hereby stayed pending resolution of Plaintiff's motion for a preliminary injunction. Defendants shall have thirty days from the issuance of an order on Plaintiff's motion for a preliminary injunction to answer, move to dismiss, or otherwise respond to the Complaint, unless otherwise ordered by the Court.

10. Without prejudice to any claim or defense, and without admission of liability or consent to the propriety of any relief beyond that expressly set forth herein, the Parties expressly reserve all rights, arguments, and remedies available at law, in equity, by contract, or under the Federal Rules of Civil Procedure. Nothing in this Order shall be construed to waive, limit, or impair any Party's ability to seek, oppose, or otherwise be heard regarding any application for attorneys' fees, costs, or expenses, or to seek, oppose, or otherwise be heard regarding any bond under Federal Rule of Civil Procedure 65(c). All such issues are preserved for subsequent determination by the Court at the appropriate time.

| LATHAM & WATKINS LLP | GIBSON DUNN & CRUTCHER |
|---|---|
| By: */s/ Steven Feldman*<br>Steven Feldman<br>Sarah Burack<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Tel: 212-906-1200<br>steve.feldman@lw.com<br>sarah.burack@lw.com<br><br>LATHAM & WATKINS LLP<br>Mari Overbeck<br>505 Montgomery St #2000<br>San Francisco, CA 94111<br>mari.overbeck@lw.com<br><br>LATHAM & WATKINS LLP<br>Josh Ji<br>650 Town Center Dr #20<br>Costa Mesa, CA 92626<br>josh.ji@lw.com<br><br>*Attorneys for Defendants* | By: */s/ Harris M. Mufson*<br>Harris M. Mufson<br>Ilissa Samplin<br>Justin M. DiGennaro<br>Zachary A. Schreiber<br><br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166-0193<br>Telephone: 212-351-4000<br>hmufson@gibsondunn.com<br>jdigennaro@gibsondunn.com<br>zschreiber@gibsondunn.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213-229-7000<br>isamplin@gibsondunn.com<br><br>*Attorneys for Plaintiff* |

So ordered. The parties are directed to appear for a hearing on the preliminary injunction motion on January 27, 2026, at 10:00 a.m. The hearing shall take place in person in Courtroom 706, Thurgood Marshall United States Courthouse, 40 Foley Sq., New York, New York, 10007.

_____
J. PAUL OETKEN
United States District Judge

Date: November 3, 2025