UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> RADHA JAIN and JOANNA COHEN, <br><br> Defendants. | Case No. 1:25-cv-08985-JPO |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

WHEREAS, Plaintiff Palantir Technologies, Inc. and Defendants Radha Jain and Joanna Cohen (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of

confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.  Any person subject to this Protective Order who receives from any other person subject to this Protective Order any information of any kind produced or disclosed pursuant to and in course of discovery in this action ("Discovery Material") that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order (hereinafter "Protected Discovery Material") shall (a) use such Protected Discovery Material solely for the prosecution or defense of this action and not for any other purpose, and (b) shall not disclose such Protected Discovery Material to anyone else except as expressly permitted hereunder.

2.  The protections conferred by this Protective Order cover not only Protected Discovery Material, but also (a) any information copied or extracted from Protected Discovery Material; (b) all copies, excerpts, summaries, or compilations of Protected Discovery Material; and (c) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Discovery Material.  Any use of Protected Discovery Material in open court shall be governed by a separate agreement or order.

3.  Counsel for any Party may designate any document or information, in whole or in part, as CONFIDENTIAL if counsel determines, in good faith, that such designation is necessary

to protect the interests of the client in information that is competitive, proprietary, trade secret or otherwise sensitive non-public information, such as Personally Identifying Information ("PII").

4.     Counsel for any Party may designate any extremely sensitive document or information, in whole or in part, as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if such document(s) or information is of such a private, sensitive, competitive, or proprietary nature that disclosure to persons other than those permitted below would reasonably be expected to cause irreparable harm or materially impair the legitimate competitive position or interests of the client.

5.     With respect to the Protected portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by stamping or otherwise clearly marking as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the protected portion in a manner that will not interfere with legibility or audibility.

6.     For testimony given in depositions, as well as deposition exhibits not otherwise designated, a producing Party or that Party's counsel may designate such testimony and/or exhibits as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record before the close of the deposition, or by written notice served on counsel of record within 30 business days after the receipt of the rough transcript of such proceeding, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Protected Discovery Material, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing Party or that Party's counsel by the reporter. A Party may preliminarily designate on the record testimony, exhibits, and transcripts of depositions or other

testimony "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and the materials must be treated as such until the 30-business-day period for designation has expired or until the producing Party otherwise provides notice of its confidentiality designations, which is earlier.

7. If at any time prior to the trial of this action, a producing Party realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as such under the terms of this Protective Order.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the producing Party's right to secure protection under this Protective Order for such material.

8. If a recipient learns that, by inadvertence or otherwise, it has disclosed Protected Discovery Material to any person or in any circumstance not authorized under this Protective Order, the recipient must immediately (a) notify in writing the producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall

be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Any Party that claws back privileged documents will provide the receiving Party with a privilege log that reasonably identifies the basis for the assertion of privilege or protection over the clawed-back documents. The receiving Party may file a motion with the Court for an order compelling production of the material that has been clawed back.

10. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except to:

   a. the Parties to this action, their insurers, and counsel to their insurers;

   b. the recipient's counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

   c. the officers, directors, and employees (including in-house counsel) of the recipient to whom disclosure is reasonably necessary for this litigation, provided such persons, other than in-house counsel with responsibility for managing this litigation and their staff, have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   d. experts and consultants of the recipient to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   e. the Court, any appellate court, and their personnel;

   f. court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    g. witnesses in the action, during or in preparation for such witness providing testimony, to whom disclosure is reasonably necessary and those witnesses' counsel, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto, unless otherwise agreed by the producing Party or ordered by the Court;

    h. the author or recipient of a document containing the "CONFIDENTIAL" information;

    i. any mediator or settlement officer, and their supporting personnel, mutually agreed upon or ordered by the Cornt to facilitate settlement discussions in this action.

11. All documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a. the recipient's counsel of record in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation. For purposes of this provision, "outside counsel of record" shall refer to counsel who have filed notices of appearance in this case and are not employed by a Party;

    b. a Party's in-house counsel;

    c. experts of the recipient to whom disclosure is reasonably necessary for this litigation, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    d. the Court, any appellate court, and their personnel;

    e. court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary for this litigation, provided

       such persons have first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

f. the author or recipient of a document containing the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information;

g. any mediator or settlement officer, and their supporting personnel, mutually agreed upon or ordered by the Cornt to facilitate settlement discussions in this action;

h. the Parties to this action on a case-by-case basis, upon request by the receiving Party and with the producing Party's consent, which shall not be unreasonably withheld.

12. Prior to any disclosure of any Protected Discovery Material to any person referred to in subparagraphs 10(c), 10(d), 10(f), 10(g), 11(c), and 11(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, upon request, either prior to such person providing testimony in this action (at deposition or trial) or at the conclusion of the case, whichever comes first.

13. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

14. The terms of this Protective Order are applicable to information produced by a non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-Party from seeking additional protections.

15. Recipients of Protected Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, as well as any attempts to settle this litigation, and specifically (and by way of example and not limitation) may not use Protected Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to their own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

16. All parties shall take commercially reasonable steps to prevent unauthorized access to Protected Discovery Material, including when using generative AI tools or large language models. Without notifying and obtaining permission from the producing Party, individuals or entities with access to Protected Discovery Material under this Order must not use Protected Discovery Material in AI tools or similar applications (e.g., OpenAI GPT, ChatGPT, Google Bard, Meta LLAMA) without taking commercially reasonable efforts to ensure such tools (a) do not incorporate inputs into model weights, or otherwise inadvertently produce outputs containing

identifiable parts of the Protected Discovery Material, and (b) adhere to cybersecurity best practices and provide sufficient administrative controls to prevent unauthorized access.

17. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Discovery Material, that Party must:

    a. promptly notify in writing the producing person. Such notification shall include a copy of the subpoena or court order; and

    b. promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    c. cooperate with respect to all reasonable procedures sought to be pursued by the producing person whose Protected Discovery Material may be affected; and

    d. if the producing Party timely seeks a protective order in the other litigation, and provided that such an application is sufficient to toll or stay the otherwise applicable deadline for production, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Discovery Material before a determination by the court on the application for a protective order, unless the Party has obtained the producing Party's permission or a court orders otherwise; and

    e. the producing Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a recipient of Protected Discovery Material in this action to disobey a lawful directive from another court.

18. All Parties seeking to file redacted documents or documents under seal with the Court shall comply with this Court's Individual Rules and Practices in Civil Cases. No Party may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All Parties producing Protected Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Protected Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

19. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts any Protected Discovery Material.

20. Each person who has access to Discovery Material that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

21. Any PII (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the

10

producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

22. Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a producing Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

23. Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final termination of this litigation, as defined in paragraph 22, each recipient of Protected Discovery Material shall use reasonable efforts to either return or destroy such materials and copies thereof to the producing Party or destroy such Confidential Material and certify that fact in writing. As used in this paragraph, "all Protected Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Discovery Material or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The recipient's reasonable efforts shall not require the return or destruction of Protected Discovery Material from (i) disaster recovery or business continuity backups, (ii) data stored in back-end databases critical to application operability and system-generated temporary folders, (iii) archived data with limited end-user accessibility, or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be

restored for purposes of returning, or certifying destruction of, Protected Discovery Material, but such retained information shall continue to be treated in accordance with the Order and destroyed in due course.  Counsel for the Parties shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, discovery materials, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports, communications, and attorney work product that contain or refer to Protected Discovery Material, provided that such counsel and employees of such counsel shall not disclose such Protected Discovery Material to any person, except pursuant to court order.  Nothing shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

24. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court.  This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

25. This Protective Order will not limit or otherwise prejudice the right of any Party to oppose production of any information for lack of relevance or any other permitted ground.

26. Nothing in this Protective Order constitutes an admission by any Party that Protected Discovery Material disclosed in this case is relevant or admissible.  Each Party reserves the right to object to the use or admissibility of Protected Discovery Material.

IT IS SO STIPULATED AND AGREED.

Dated: November 11, 2025

| **GIBSON, DUNN & CRUTCHER LLP** | **LATHAM & WATKINS LLP** |
|---|---|
| By: */s/ Zachary A. Schreiber* | By: */s/ Steve Feldman* |
| Harris M. Mufson<br>Ilissa Samplin<br>Justin M. DiGennaro<br>Zachary A. Schreiber[1]<br><br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, New York 10166-0193<br>Telephone: 212-351-4000<br>hmufson@gibsondunn.com<br>jdigennaro@gibsondunn.com<br>zschreiber@gibsondunn.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213-229-7000<br>isamplin@gibsondunn.com<br><br>*Attorneys for Palantir Technologies, Inc.* | Steven Feldman<br>Sarah Burack<br>1271 Avenue of the Americas<br>New York, New York 10020<br>Telephone: 212-906-1200<br>steve.feldman@lw.com<br>sarah.burack@lw.com<br><br>Mari Overbeck (*pro hac vice*)<br>505 Montgomery St #2000<br>San Francisco, CA 94111<br>Telephone: (415) 391-0600<br>mari.overbeck@lw.com<br><br>Jordan Hughes (*pro hac vice*)<br>555 Eleventh St NW, Ste 1000<br>Washington, DC 20004<br>Telephone: (202) 637-2200<br>jordan.hughes@lw.com<br><br>*Attorneys for Radha Jain and Joanna Cohen* |

IT IS SO ORDERED.

Dated: _____, 2025    _____

J. PAUL OETKEN
United States District Judge

---

[1] Electronic signature used with consent in accordance with Rule 8.5(b) of the Court's Electronic Case Filing Rules and Instructions.

## EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC, <br><br> *Plaintiff*, <br><br> v. <br><br> RADHA JAIN AND JOANNA COHEN, <br><br> *Defendants*. | Case No. 1:25-cv-08985-JPO |

### **NON-DISCLOSURE AGREEMENT**

I hereby certify (i) my understanding that Protected Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order (the "Order") entered by the United States District Court for the Southern District of New York in the above-captioned case and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Order.

I agree that I will use and/or disclose such Protected Discovery Material only in accordance with the terms of the Order and solely for the purposes of this litigation. I further agree that upon conclusion of the litigation I will either return all Protected Discovery Material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such Protected Discovery Material. I understand that my willful violation of any term of the Order could subject me to punishment for contempt of court.

DATE: _____        SIGNATURE: _____