# Exhibit 53

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br><br> *Plaintiff*, <br><br> v. <br><br> RADHA JAIN AND JOANNA COHEN, <br><br> *Defendants*. | Case No. 1:25-cv-08985-JPO |

### DEFENDANT JOANNA COHEN'S RESPONSES AND OBJECTIONS TO PLAINTIFF PALANTIR TECHNOLOGIES INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-3)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Joanna Cohen ("Ms. Cohen"), by and through her attorneys of record, hereby responds and objects to Plaintiff Palantir Technologies Inc.'s ("Palantir") First Set of Interrogatories.

### INTRODUCTORY RESPONSE

The following responses and objections are based upon the facts, documents, and information presently known and available to Ms. Cohen. Discovery, investigation, research, and analysis are ongoing. These processes may disclose the existence of additional facts or documents, add meaning to known facts or documents, or lead to additions, variations, or changes to these responses and objections.

Without obligating herself to do so, except to the extent required by the Federal Rules of Civil Procedure, Ms. Cohen reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, contentions, or legal theories that may apply. Ms. Cohen specifically reserves the right to utilize subsequently discovered facts, documents, or other evidence at trial or in the forthcoming hearing

on a preliminary injunction. Given the ongoing investigation, Ms. Cohen reserves the right to serve timely verifications to the responses at a later date. The responses and objections set forth below are intended to apply to all information provided pursuant to the Interrogatories. Furthermore, these responses do not in any way waive any objections by Ms. Cohen in this or in any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege, or admissibility of these responses or the subject matter thereof.

## **GENERAL RESPONSES AND OBJECTIONS**

The following General Responses and Objections are incorporated into each Specific Response and Objection below. These General Responses and Objections govern the scope of any Responses made by Ms. Cohen to the Interrogatories and are neither waived nor limited by Ms. Cohen's Specific Responses and Objections.

1. Because Palantir seeks expedited discovery in advance of a preliminary injunction hearing, Ms. Cohen objects to the Interrogatories, including the Definitions and Instructions contained therein, to the extent that they seek discovery beyond the scope permitted by the Federal Rules of Civil Procedure 26 and 33, the local rules of the Southern District of New York, and this Court (the "Applicable Rules").

2. Ms. Cohen objects to the Interrogatories, including the Definitions and Instructions contained therein, to the extent that any Interrogatory:

    a. seeks the disclosure of information neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

    b. is overly broad, unduly burdensome, oppressive, and/or duplicative;

    c. is unrestricted in time;

    d. is vague and/or ambiguous;

e. calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common-interest doctrine, the settlement privilege, and/or any other privilege or immunity from disclosure recognized by law;

f. calls for the disclosure of information not within Ms. Cohen's possession, custody, or control;

g. calls for the disclosure of information that is publicly available or to which Palantir has equal access, or that is obtainable from another source that is more convenient, less burdensome, or less expensive; and/or

h. constitutes an Interrogatory beyond the scope of discovery authorized by and/or seeks to impose obligations beyond those required by the Applicable Rules.

3. In the event that Ms. Cohen produces information or documents that are privileged, work product, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, the information/documents will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other information or documents, or (b) to communications concerning the subject matter of that or any other information or documents. Any such information should be treated in accordance with the stipulated protective order entered in this action.

4. Ms. Cohen objects to the Interrogatories to the extent that they purport, or may be construed, to call for the identification or production of "all" or "any" information, documents, or things pertaining to a specific subject, on the ground that such language is overly broad and unduly burdensome. To the extent that a search is required, Ms. Cohen will perform a reasonable search

of files in her possession, custody, or control where there is a reasonable likelihood that responsive documents and information may be located.

5. Ms. Cohen objects to each Interrogatory to the extent that it seeks trade secrets, confidential or proprietary information, or personal identifying information or sensitive personal data. Ms. Cohen will produce confidential documents and information as set forth herein, subject to the terms of the stipulated protective order entered in this matter and any other relevant agreements.

6. Ms. Cohen objects to each Interrogatory to the extent it purports to require Ms. Cohen to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Ms. Cohen will not disclose such information without either the consent of the relevant third party or an order by the Court compelling production.

## **OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Any objection to a Definition or Instruction shall also apply equally to any other Definition, Instruction, or Interrogatory that incorporates that Definition or Instruction. Any failure by Ms. Cohen to set forth any objection in this Response does not constitute a waiver of that objection or otherwise preclude Ms. Cohen from raising that objection at a later time.

1. Unless specified otherwise, Ms. Cohen does not adopt Palantir's purported definitions of words and phrases. Ms. Cohen objects to the "Definitions" stated in the Interrogatories to the extent they are susceptible to more than one distinct interpretation, or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2. Ms. Cohen objects to Definition No. 2 for "Communication" and Definition No. 3 for "Document" to the extent they purport to impose on Ms. Cohen obligations that are different than or exceed those imposed by the Applicable Rules.

3. Ms. Cohen objects to Definition No. 4 for "General Catalyst," Definition No. 5 for "Palantir," and Definition No. 7 for "Percepta" to the extent they purport to include "all [] corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of" General Catalyst, Palantir, and Percepta, respectively, as overly broad and beyond the scope of permissible discovery under the Applicable Rules.

4. Ms. Cohen objects to Definition No. 6 for "Palantir Property" to the extent it purports to include "any Documents or information created by any Persons in relation to their work for Palantir" as overly broad and beyond the scope of permissible discovery under the Applicable Rules.

5. Ms. Cohen objects to Definition No. 8 for "Person" to the extent it purports to include "directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf" as overly broad and beyond the scope of permissible discovery under the Applicable Rules.

6. Ms. Cohen objects to Instruction No. 1 as overly broad to the extent it seeks information not in Ms. Cohen's possession, custody, and control. Ms. Cohen further objects to Instruction No. 1 to the extent it seeks materials protected by the attorney-client privilege and/or attorney work product doctrine.

7. Ms. Cohen objects to Instruction Nos. 2-3 to the extent that these instructions impose burdens and obligations on Ms. Cohen that exceed or are different than those imposed by the Applicable Rules.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Identify all Palantir Property, including but not limited to electronic Documents and Communications, within your possession, custody, or control.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to and without waiving her General Objections and Objections to Instructions and Definitions, Ms. Cohen objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks the identity of "all Palantir Property" and to the extent it seeks information that can be gleaned from, or which is better suited to, other less burdensome discovery devices, including document productions and deposition testimony. Ms. Cohen further objects to this Interrogatory as calling for a legal conclusion.

Subject to the foregoing, Ms. Cohen responds that, to the best of her knowledge and recollection and following a reasonable good faith search, the materials identified at the Bates ranges RJ_JC_00000001-4; RJ_JC_00000006-10; RJ_JC_00000012-17; RJ_JC_00000019-27; RJ_JC_00000029-36; RJ_JC_00000038; RJ_JC_00000040-55; RJ_JC_00000058-62; RJ_JC_00000074-85; RJ_JC_00000087-92; RJ_JC_00000094-109; RJ_JC_00000111-126; RJ_JC_00000128-156; RJ_JC_00000158-165; and RJ_JC_00000167-168, produced concurrently herewith, may reflect Palantir Property within her possession, custody or control.

**INTERROGATORY NO. 2:**

Identify all Persons at Percepta or General Catalyst who you communicated with prior to joining Percepta.

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to and without waiving her General Objections and Objections to Instructions and Definitions, Ms. Cohen objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks information that can be gleaned from, or which is better suited to, other less burdensome discovery devices, including document productions and deposition testimony. Ms. Cohen objects to this Interrogatory as irrelevant to the claims and defenses of any party in this action to the extent it seeks information about non-parties Percepta and General Catalyst.

Ms. Cohen further objects to the proposed time period of "prior to joining Percepta" as overly broad and vague, as it does not specify a beginning (and thus purports to sweep back to an unspecified date in the past) or end to the time period (i.e., when Ms. Cohen accepted an offer of employment at Percepta or when she actually commenced her employment there).

Subject to the foregoing, Ms. Cohen responds that, to the best of her knowledge and recollection, prior to the commencement of her employment at Percepta on March 17, 2025, she communicated with Hirsh Jain, Thomas Mathew, Radha Jain, Tyler Olkowski, Gaby Giglio, Michael Rochlin, Athul Jacob, Costis Daskalakis, Juan Esteves and Shawna Smith.

**INTERROGATORY NO. 3:**

Identify all Palantir employees, customers, franchisees, joint ventures, suppliers, vendors, or contractors who you have actually or attempted to solicit and/or recruit, whether directly or indirectly, to Percepta.

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to and without waiving her General Objections and Objections to Instructions and Definitions, Ms. Cohen objects to this Interrogatory as overly broad and unduly burdensome to the extent it seeks the identity of "all Palantir employees, customers, franchisees, joint ventures, suppliers, vendors, or contractors who you have actually or attempted to solicit and/or recruit, whether directly or indirectly, to Percepta," without identifying those individuals or entities or specifying whether they are currently affiliated with or connected to Palantir or were otherwise affiliated with or connected to Palantir at any particular point in time (or, indeed, at any time). In this regard, this Interrogatory is vague and ambiguous as to the scope and meaning of the terms used and assumes facts not established. Ms. Cohen further objects to this Interrogatory to the extent it seeks information that can be gleaned from, or which is better suited to, other less burdensome discovery devices, including document productions and deposition testimony. Ms. Cohen objects to this Interrogatory as irrelevant to the claims and defenses of any party in this action to the extent it seeks information about non-party Percepta. Ms. Cohen further objects to "solicit" and "recruit" as vague and ambiguous, particularly when combined with the modifiers "actually or attempted" and "directly and indirectly." Ms. Cohen further objects to this Interrogatory to the extent it calls for a legal conclusion.

Subject to the foregoing, Ms. Cohen responds that, to the best of her knowledge and recollection, there are no Palantir employees, customers, franchisees, joint ventures, suppliers, vendors or contractors that she has actually or attempted to solicit or recruit, whether directly or indirectly, to Percepta.

**Dated: November 14, 2025**　　　　　　　　　　**LATHAM & WATKINS LLP**

By: */s/ Marja-Liisa Overbeck*

Steven N. Feldman
Sarah Burack
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1747
Facsimile: (212) 751-4864
steve.feldman@lw.com
sarah.burack@lw.com

Marja-Liisa Overbeck (*pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
mari.overbeck@lw.com

Josh Ji (*pro hac vice*)
Latham & Watkins LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile:(714) 755-8290
josh.ji@lw.com

Jordan Hughes (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, NW Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
jordan.hughes@lw.com

*Attorneys for Radha Jain and Joanna Cohen*

## VERIFICATION OF INTERROGATORY ANSWERS

I, Joanna Cohen, believe, based on reasonable inquiry and information made available to me, that the foregoing answers are true and correct to the best of my information and belief. On that basis, I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed November 14, 2025

_____
Joanna Cohen

# CERTIFICATE OF SERVICE

I, Marja-Liisa Overbeck, certify that on November 14, 2025, I caused true and correct copies of the foregoing Defendant Joanna Cohen's Response and Objections to Plaintiff Palantir Technologies Inc.'s First Set of Interrogatories (Nos. 1-3) to be served by email upon all counsel of record.

By: */s/ Marja-Liisa Overbeck*