# Exhibit 85

Mari Overbeck
Direct Dial: ▮▮▮▮
▮▮▮▮@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: ▮▮▮▮ Fax: ▮▮▮▮
www.lw.com

FIRM / AFFILIATE OFFICES

| Austin | Milan |
|---|---|
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |



November 18, 2025

**VIA EMAIL**

Harris M. Mufson
Justin M. DiGennaro
Zachary A. Schreiber
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212-351-4000
▮▮▮▮@gibsondunn.com
▮▮▮▮@gibsondunn.com
▮▮▮▮@gibsondunn.com

Ilissa Samplin
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213-229-7000
▮▮▮▮@gibsondunn.com

Re: *Palantir Technologies, Inc. v. Radha Jain, et al.*, No. 1:25-cv-08985-JPO

Dear Counsel:

This letter responds to your November 17, 2025 correspondence regarding Defendants Radha Jain and Joanna Cohen's November 14, 2025 document production in connection with the above-captioned case.

**AEO Designations**. The remaining AEO-designated documents are properly designated under the Protective Order's heightened standard. These materials contain sensitive, non-public information regarding client pitches and strategy, as well as confidential employee compensation information. Disclosure beyond the AEO cohort would risk concrete commercial and privacy harms, including revealing pricing, positioning, and go-to-market strategies that could be exploited by Palantir or others, and exposing individual compensation data. These are precisely the types of materials that, if disclosed more broadly, would "materially impair the legitimate competitive position or interests" of the producing party. If you contend otherwise, please provide authority supporting de-designation of documents containing client pitch strategies and

employee pay data under comparable protective orders, particularly where the party seeking de-designation also claims to be a direct competitor of the designating party.

**Technical Issues**. As we explained, certain message attachments appearing in the mobile data were not available at the source and therefore had no native payload to process. Our vendor confirmed that these entries surfaced during processing with an "EmptyLocalPathException." In other words, while the messages reference attachments and display file names (e.g., PDFs, images, or videos), the underlying attachment content was not resident or recoverable from the device image. This is consistent with how modern mobile ecosystems store or reference cloud-backed or deleted attachments: a database record may persist even where the file itself is absent. Because there was no native file available on the device, there was nothing to convert or "recover," and the production accurately reflects the collected data with appropriate placeholders and exception notations. To answer your specific questions: the devices were imaged utilizing Cellebrite Inseyets UFED 10.7.0.181. An advanced logical extraction was created for each device, which fully captures each device's underlying message databases. The analysis and exports from the device images were performed utilizing Cellebrite Inseyets Physical Analyzer 10.7.1.503.

**Geolocation Metadata**. Geolocation metadata will not be present for thumbnails, which account for many of the items you cite. For the full-sized HEIC photos, EXIF geolocation data is visible within the Cellebrite forensic image, but those EXIF fields are not currently populating in the Relativity deliverable. Though the parties never entered into an ESI Protocol that would require production of this information, our processing team is investigating and troubleshooting this so as to provide you with an overlay .dat for all full-sized HEIC images that have location metadata. For the avoidance of doubt, Defendants dispute your contention that the requested geolocation metadata has any relevance to any claim or defense in this case.

**Slack Documents**. With respect to the three Slack documents you reference, we conducted a comprehensive review of the data collected from Ms. Cohen's mobile device and did not locate those three files in her mobile data based on the descriptions you have provided to date.

Defendants continue to review Palantir's discovery responses and document production. With respect to Defendants' document production, as well as Defendants' review of Palantir's production and responses, Defendants reserve all rights and waive none.

Sincerely,

 /s/ Mari Overbeck
Mari Overbeck
of LATHAM & WATKINS LLP