**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br><br>                     Plaintiff, <br><br>    v. <br><br> HIRSH JAIN, RADHA JAIN, and JOANNA COHEN <br><br>                     Defendants. | Civil Action No. 25-cv-08985-JPO <br><br> Hon. J. Paul Oetken |

## [PROPOSED] ORDER GRANTING
## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

This matter comes before the Court on Plaintiff Palantir Technologies Inc.'s ("Palantir") Motion for a Preliminary Injunction. The Court, having reviewed the Motion for a Preliminary Injunction, Defendants' response thereto, and all available evidence, hereby **GRANTS** Palantir's Motion for a Preliminary Injunction.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Palantir has shown a likelihood of success on the merits of its claims that:

   a. Defendants Radha Jain and Joanna Cohen have breached their contracts with Palantir by performing the job functions they performed during their employment with Palantir, directly and indirectly, as an employee, employer, owner, operator, manager, advisor, consultant, agent, partner, director, stockholder, officer, intern and/or another other similar capacity for Percepta AI LLC ("Percepta"), an entity engaged in the same or similar business as Palantir;

b. Defendants Hirsh Jain and Radha Jain have breached their contracts with Palantir by directly and indirectly soliciting and recruiting (and attempting to solicit and recruit) multiple Palantir employees to leave Palantir and join Percepta;

c. Defendant Hirsh Jain has tortiously interfered with Radha Jain's contract with Palantir by (1) directing, instructing, encouraging, facilitating, and/or otherwise causing Radha Jain to use and disclose Palantir's confidential information to solicit and recruit (and attempt to solicit and recruit) employees to leave Palantir and join Percepta; (2) directing, instructing, encouraging, facilitating, and/or otherwise causing Radha Jain to directly and indirectly solicit and recruit (and attempt to solicit and recruit) Palantir employees to leave Palantir and join Percepta while she was an employee of Palantir and after she joined Percepta; and (3) directing, instructing, encouraging, facilitating, and/or otherwise causing Radha Jain to contact, directly and indirectly, or engage in communication with Customer A (as set forth in the First Amended Complaint) while she was an employee of Palantir for the purpose of conducting business that is competitive with or similar to that of Palantir in breach of Sections 4, 5, and 6.2 of her Proprietary Information and Inventions Agreement with Palantir.

d. Defendant Joanna Cohen has breached her contract with Palantir by contacting, directly or indirectly, or engaging in communication with Customer A for the purposes of conducting business that is competitive with or similar to that of Palantir;

e. Defendant Joanna Cohen has breached her contract with Palantir by using and/or disclosing Palantir's confidential information in connection with her work for Percepta; and

f. Defendant Janna Cohen has breached her contract with Palantir by exfiltrating Palantir property from the company without Palantir's consent and failing to return such property upon the termination of her employment;

2. Palantir will be irreparably harmed in the absence of a preliminary injunction barring Defendants Hirsh Jain, Radha Jain, and Joanna Cohen from continuing to breach their contractual obligations as stated above, and barring Defendant Hirsh Jain from continuing to tortiously interfere with Palantir's contracts;

3. The balance of the equities and public interest favor granting a preliminary injunction barring Defendants Hirsh Jain, Radha Jain, and Joanna Cohen from continuing to breach their contractual obligations and barring Defendant Hirsh Jain from continuing to tortiously interfere with Palantir's contracts;

4. A preliminary injunction is hereby **ENTERED**:

    a. Enjoining all Defendants from violating their contractual obligations to Palantir, including but not limited to non-competition, non-solicitation, confidentiality, and return of property obligations, tolled for the period of non-compliance, as applicable;

    b. Enjoining Radha Jain and Joanna Cohen from working for or providing services to Percepta and/or General Catalyst for 12 months from the date of entry of the Stipulated Temporary Restraining Order (ECF No. 22);

c. Enjoining Hirsh Jain from working for or providing services to Percepta and/or General Catalyst for 12 months from the date of this Order;

d. Enjoining Hirsh Jain from participating, whether directly or indirectly, in any recruitment, interview, or hiring roles or responsibilities at Percepta and/or General Catalyst for 12 months from the date of this Order;

e. Enjoining Radha Jain from participating, whether directly or indirectly, in any recruitment, interview, or hiring roles or responsibilities at Percepta and/or General Catalyst for 24 months from the date of entry of the Stipulated Temporary Restraining Order (ECF No. 22);

f. Enjoining Hirsh Jain from directing, instructing, encouraging, facilitating, and/or otherwise causing any Palantir employee to breach or violate their contractual obligations to Palantir;

g. Enjoining Defendants from supervising, assisting, or otherwise acting in concert with others to evade the restrictions enumerated above;

h. Requiring Defendants to account for any and all uses or disclosures of Palantir's confidential and/or proprietary information, as well as to identify any of Palantir's confidential and/or proprietary information which may exist in Percepta and/or General Catalyst's possession, custody, or control (including through use within or incorporation into a Percepta and/or General Catalyst document), as follows: Within 10 business days of the date of this Order, each Defendant shall provide Palantir with a sworn and notarized statement containing (1) the identity or description of any Palantir document or information used or disclosed by the Defendant at Percepta; (2) the entities and individuals to whom the Palantir

document or information was used or disclosed; (3) the timing of such use or disclosure; and (4) the reason for such use or disclosure; and

 i. Requiring Defendants to return and delete any of Palantir's confidential and/or proprietary information, or documents that are derived from Palantir's confidential and/or proprietary information, in their possession, custody, or control within 10 business days of the date of this Order.

5. Defendant Joanna Cohen is further hereby **ORDERED** to:

 a. Undertake a forensic inspection and remediation of all electronic devices and virtual repositories or services that may be used to store or transmit electronic documents or information and that have been used by her at any time since August 3, 2020 ("Cohen Devices" and "Cohen Accounts")[1];

 b. Palantir and Cohen shall meet and confer and submit a proposed forensic inspection and remediation protocol for Court approval, which shall include the use of a mutually-agreed neutral forensic examiner, within 10 business days of the date of this Order;

 c. Cohen shall bear all costs associated with the forensic inspection and remediation.

DATED: _____    _____

                 J. Paul Oetken
                 United States District Judge

---

[1] For the avoidance of doubt, "Cohen Devices" include, but are not limited to, all laptops, tablets, cellular devices, and all physical storage devices such as external hard drives or jump drives; "Cohen Accounts" include, but are not limited to, all personal email accounts and messaging accounts such as WhatsApp, Facebook Messenger, WeChat, Snapchat, Telegram, Viber, LINE, Signal, Discord, and Skype; and all cloud-based storage or file sharing accounts such as Google drives or Google Docs, OneDrive, iCloud, DropBox, Box.com, and Sharefile.