Steven N. Feldman
Direct Dial: +1.212.906.1821
steve.feldman@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM&WATKINS LLP

December 17, 2025

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007

Re: *Palantir Technologies Inc. v. Jain et al.*, No. 1:25-cv-08985-JPO

Dear Judge Oetken:

We write on behalf of Defendants Radha Jain, Joanna Cohen, and Hirsh Jain (collectively, "Defendants") in the above-referenced matter, as well as on behalf of non-parties Percepta AI LLC ("Percepta") and General Catalyst Group Management, LLC ("General Catalyst"), to request the permanent sealing of portions of Plaintiff Palantir Technologies Inc.'s ("Plaintiff") recently filed Renewed Motion for a Preliminary Injunction.

As the Court is aware, on December 12, 2025, Plaintiff filed provisionally-sealed and public redacted copies of its Memorandum of Law in support of its renewed motion, as well as certain Exhibits attached thereto. Dkt. 41–44. Because these filings contain personally identifiable information ("PII"); competitively-sensitive confidential business information; and other immaterial information, the disclosure of which would unnecessarily impinge upon individual privacy interests, they should remain permanently sealed, in whole or in part.

Although there is a presumption of public access to judicial documents,[1] that presumption is subject to multiple, well-recognized exceptions designed to protect the types of information at issue here. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In determining whether a party has overcome the presumption of public access, courts weigh the presumption against relevant competing considerations. *See United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995); *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). When the presumption is overcome, the Court may seal documents "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Sealing the filings at issue here in whole or in part will preserve higher values by (i) safeguarding PII, (ii)

---

[1] Defendants acknowledge that materials provided to aid in the adjudication of a motion for a preliminary injunction are "judicial documents" entitled to the presumption of access. *De Kafati v. Kafati Kafati*, 2022 WL 17552457, at *1 (S.D.N.Y. Dec. 9, 2022).

preventing competitive harm to non-party businesses, and (iii) protecting non-parties' personal privacy.

*First*, many documents have been partially redacted to prevent the disclosure of the personal contact information of parties and non-parties. As Federal Rule of Civil Procedure 5.2, this Court's ECF Privacy Policy, and Your Honor's Individual Rules contemplate, sensitive PII should not be disclosed unless necessary to a case. Although these authorities have not expressly identified personal contact information as such sensitive PII, courts have held that they should be protected on the same basis. *See, e.g.*, *Lively v. Wayfarer Studios LLC*, 2025 WL 2351013, at *2 (S.D.N.Y. Aug. 13, 2025).[2] Accordingly, these redactions should remain.

*Second*, certain documents have been provisionally sealed because they contain Percepta's and General Catalyst's confidential business information and disclosure of that information would cause the companies commercial or competitive harm.[3] Courts routinely seal such information. *See, e.g.*, *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (explaining that "[i]nternal documents and unpublished drafts that contain non-public strategies and financial information" may be sealed, "particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors"); *see also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting sealing of "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"); *Sohm v. Scholastic, Inc.*, 2017 WL 11812251, at *1 (S.D.N.Y. Aug. 15, 2017) (sealing "confidential business information [that] 'would give competing publishers selling similar book lines a competitive advantage in setting their own print runs'"). This is especially true when the confidential business information belongs to a non-party. *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *see also In re Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (stating that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" (citation omitted)).

Here, disclosure of Percepta's and General Catalyst's confidential business information—which includes detailed information regarding the companies' financial structures, *e.g.*, Exs. 12, 79; communications and documents related to business, marketing, and personnel strategy, *e.g.*, Exs. 79–84; and communications analyzing problems and crafting solutions for customers, *e.g.*,

---

[2] Importantly, Defendants, Percepta, and General Catalyst seek only to seal individuals' *personal* contact information. Business addresses and other commercial contact information need not be sealed.

[3] One document filed in connection with Plaintiff's motion was not provisionally sealed, but instead publicly filed with redactions to safeguard PII. Dkt. 42-48. Defendants, Percepta, and General Catalyst subsequently were made aware that this document inadvertently disclosed Percepta's and General Catalyst's confidential business information. Consequently, with Plaintiff's consent, Defendants requested the Clerk's temporary sealing of this document and now request that the Court (i) order the Clerk to permanently seal the unredacted versions of the document filed at Dkt. 42-58, and (ii) accept and deem filed the identical version of that document with minimal redactions applied, attached hereto, *see* Attachment I.

Exs. 20, 26–28—would provide an advantage to other artificial intelligence consulting companies (and their investors) seeking to compete with Percepta and General Catalyst on their offerings and price and for personnel. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (finding "confidential information about Microsoft's business models, including details of Microsoft's sources of revenue and the amounts of its revenue and sales; quantitative details about Microsoft's user base for certain offerings; quantitative details about usage of specific product features; [and] specific revenue amounts from certain offerings . . . should remain private; if that information were to be disclosed, it could indeed harm Microsoft or advantage its competitors."); *see also Amodeo*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."). These documents, or portions thereof, should remain sealed.[4]

*Finally*, certain documents have been provisionally sealed to protect the privacy of other non-parties, such as the identities of spouses and personal friends of the parties, as well as unsuccessful prospective hires at Percepta who are wholly irrelevant to the case. Courts have found that this sort of information warrants sealing. *E.g.*, *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *8–9 (S.D.N.Y. May 16, 2023) (sealing the identities and personal information of third-party employees); *Stafford v. Int'l Bus. Machines Corp.*, 2022 WL 1486494, at *3 (S.D.N.Y. May 10, 2022) ("The Court, however, agrees that any sensitive information, such as the name or other identifying information, of the non-party IBM employee whose performance evaluation is discussed should be redacted."), *rev'd and vacated on other grounds*, 78 F.4th 62 (2d Cir. 2023). These documents need not remain wholly under seal but Defendants, Percepta, and General Catalyst have proposed narrowly tailored redactions that if made will sufficiently protect these privacy interests. *See Lugosch*, 435 F.3d at 124; Attachments B–M.

For the foregoing reasons, Defendants, Percepta, and General Catalyst respectfully request that this Court permanently seal the relevant portions of Plaintiff's Renewed Motion for a Preliminary Injunction.[5]

---

[4] Where possible, Defendants, Percepta, and General Catalyst offer proposed redactions to more narrowly tailor their sealing requests to the information that, if disclosed, would cause them commercial or competitive harm. *See* Attachments B–M.

[5] To assist the Court in its application of the above-described legal principles to the materials at issue, Defendants, Percepta, and General Catalyst have attached a matrix identifying the specific basis for sealing or redacting each document. *See* Attachment A.

Respectfully submitted,

 */s/ Steven N. Feldman*
Steven N. Feldman
of LATHAM & WATKINS LLP

Attachments

cc:     All Counsel of Record (via ECF)