Steven N. Feldman
Direct Dial: +1.212.906.1821
steve.feldman@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

**LATHAM & WATKINS LLP**

January 12, 2026

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007

Re:   *Palantir Technologies Inc. v. Jain et al.*, No. 1:25-cv-08985-JPO

Dear Judge Oetken:

We write on behalf of Defendants Radha Jain, Joanna Cohen, and Hirsh Jain (collectively, "Defendants") in the above-referenced matter, as well as on behalf of non-parties Percepta AI LLC ("Percepta") and General Catalyst Group Management, LLC ("General Catalyst"). Consistent with Your Honor's Individual Rules, Defendants are filing herewith their opposition to Plaintiff Palantir Technologies, Inc.'s ("Palantir") renewed motion for a preliminary injunction, *see* Dkt. 41–44, supported by several declarations and exhibits. Because today's filings contain or reference information that the parties, Percepta, and/or General Catalyst have designated as "Confidential" or "Highly Confidential" pursuant to the stipulated protective order, Dkt. 29, Defendants, Percepta, and General Catalyst respectfully request that they be maintained under provisional seal pending the Court's resolution of all sealing issues related to Palantir's renewed motion. *See* Dkt. 35 (permitting Palantir's submission of an omnibus brief addressing all sealing issues).

Defendants also seek leave to file redacted versions of these same filings where possible,[1] provisionally sealing the same information, and ensuring that their and Percepta and General Catalyst's sealing requests are narrowly tailored, consistent with governing law.

Finally, Defendants, Percepta, and General Catalyst respectfully request that certain information contained in today's filings be permanently sealed. Specifically, the filings contain personally identifiable information ("PII"); competitively-sensitive confidential business

---

[1] With the Court's leave, Defendants will publicly file redacted copies of their memorandum of law in opposition to Palantir's renewed motion; certain exhibits attached to the Declaration of Steve Feldman in support of Defendants' opposition; the Declaration of Radha Jain in support of Defendants' opposition; the Declaration of Joanna Cohen in support of Defendants' opposition, and certain exhibits attached thereto; and the Declaration of Hirsh Jain in support of Defendants' opposition, and certain exhibits attached thereto.

information; and other immaterial information, the disclosure of which would unnecessarily impinge upon individual privacy interests.[2]

As Defendants, Percepta, and General Catalyst explained in their previous letter motion to seal, *see, e.g.*, Dkt. 49, although there is a presumption of public access to judicial documents, that presumption is subject to multiple, well-recognized exceptions designed to protect the types of information at issue here. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In determining whether a party has overcome the presumption of public access, courts weigh the presumption against relevant competing considerations. *See United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995); *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). When the presumption is overcome, the Court may seal documents "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Sealing the filings at issue here in whole or in part will preserve higher values by (i) safeguarding PII, (ii) preventing competitive harm to non-party businesses, and (iii) protecting non-parties' personal privacy.

*First*, Defendants have partially redacted several exhibits to prevent the disclosure of the personal contact information of parties and non-parties. As Federal Rule of Civil Procedure 5.2, this Court's ECF Privacy Policy, and Your Honor's Individual Rules contemplate, sensitive PII should not be disclosed unless necessary to a case. Although these authorities have not expressly identified personal contact information as such sensitive PII, courts have held that they should be protected on the same basis. *See, e.g.*, *Lively v. Wayfarer Studios LLC*, 2025 WL 2351013, at *2 (S.D.N.Y. Aug. 13, 2025).[3] Accordingly, these redactions should remain.

*Second*, certain documents have been partially redacted because they contain Percepta's and General Catalyst's confidential business information and disclosure of that information would cause commercial or competitive harm. Courts routinely seal such information. *See, e.g.*, *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (explaining that "[i]nternal documents and unpublished drafts that contain non-public strategies and financial information" may be sealed, "particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors"); *see also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting sealing of "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"); *Sohm v. Scholastic, Inc.*, 2017 WL 11812251, at *1 (S.D.N.Y. Aug. 15, 2017) (sealing "confidential business information [that] 'would give competing publishers selling similar book lines a competitive advantage in setting their own print runs'"). This is especially true when the confidential business information belongs to a non-party. *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *see also In re*

---

[2] To assist the Court in its sealing analysis, Defendants, Percepta, and General Catalyst have again attached a matrix identifying the specific basis for sealing or redacting each document. *See* Attachment A.

[3] Again, Defendants seek only to seal individuals' personal contact information, not business addresses and other commercial contact information.

**LATHAM&WATKINS**LLP

*Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (stating that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" (citation omitted)).

Here, disclosure of Percepta's and General Catalyst's confidential business information—which includes undisclosed customer names, *e.g.*, Exs. 203–4, Decl. of Radha Jain; communications and documents related to business and personnel strategies, *e.g.*, Exs. 201, 203–4, Decl. of Hirsh Jain; and testimony regarding analyzing problems and crafting solutions for specific customers, *e.g.*, Exs. 203–04—would provide an advantage to other artificial intelligence consulting companies (and their investors) seeking to compete with Percepta and General Catalyst on their offerings and price.  *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (finding "confidential information about Microsoft's business models, including details of Microsoft's sources of revenue and the amounts of its revenue and sales; quantitative details about Microsoft's user base for certain offerings; quantitative details about usage of specific product features; [and] specific revenue amounts from certain offerings . . . should remain private; if that information were to be disclosed, it could indeed harm Microsoft or advantage its competitors."); *see also Amodeo*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."). These documents should remain partially sealed.

*Finally*, certain documents have been partially redacted to protect the privacy of other non-parties, such as the identities of uninterested Palantir employees and personal friends of the parties. Courts have found that this sort of information warrants sealing.  *E.g.*, *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *8–9 (S.D.N.Y. May 16, 2023) (sealing the identities and personal information of third-party employees); *Stafford v. Int'l Bus. Machines Corp.*, 2022 WL 1486494, at *3 (S.D.N.Y. May 10, 2022) ("The Court, however, agrees that any sensitive information, such as the name or other identifying information, of the non-party IBM employee whose performance evaluation is discussed should be redacted."), *rev'd and vacated on other grounds*, 78 F.4th 62 (2d Cir. 2023).  These documents need not remain wholly under seal but Defendants, Percepta, and General Catalyst have proposed narrowly tailored redactions that if made will sufficiently protect these privacy interests.  *See Lugosch*, 435 F.3d at 124.

For the foregoing reasons, Defendants, Percepta, and General Catalyst respectfully request that this Court permanently seal the relevant portions of today's filings as identified in their attached matrix.

                                      Respectfully submitted,

                                      /s/ *Steven N. Feldman*
                                      Steven N. Feldman
                                      of LATHAM & WATKINS LLP

Attachment

cc:     All Counsel of Record (via ECF (with attachment))