# Exhibit 214

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br><br> *Plaintiff*, <br><br> v. <br><br> RADHA JAIN AND JOANNA COHEN, <br><br> *Defendants*. | Case No. 1:25-cv-08985-JPO |

**NON-PARTY GENERAL CATALYST GROUP MANAGEMENT, LLC'S
RESPONSES AND OBJECTIONS TO
PLAINTIFF PALANTIR TECHNOLOGIES INC.'S
NOTICE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Non-Party General Catalyst Group Management, LLC ("General Catalyst"), by and through its attorneys of record, hereby responds and objects to Plaintiff Palantir Technologies Inc.'s ("Palantir") Notice of Subpoena for Production of Documents ("Subpoena"). To the extent that General Catalyst agrees to respond to these Requests, General Catalyst is agreeing to respond only on its own behalf, to the extent any information is in the possession, custody, or control of General Catalyst. Furthermore, an agreement by General Catalyst to respond does not mean that it has information in its possession, custody, or control.

**INTRODUCTORY RESPONSE**

The following responses and objections are based upon the facts, documents, and information presently known and available to General Catalyst. Discovery, investigation, research, and analysis are ongoing. These processes may disclose the existence of additional facts or documents, add meaning to known facts or documents, or lead to additions, variations, or changes to these responses and objections.

Without obligating itself to do so, except to the extent required by the Federal Rules of Civil Procedure, General Catalyst reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, contentions, or legal theories that may apply. The responses and objections set forth below are intended to apply to all information provided pursuant to the Subpoenas. Furthermore, these responses do not in any way waive any objections by General Catalyst in this or in any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege, or admissibility of these responses or the subject matter thereof.

## GENERAL RESPONSES AND OBJECTIONS

The following General Responses and Objections are incorporated into each Specific Response and Objection below. These General Responses and Objections govern the scope of any Responses made by General Catalyst to the Requests and are neither waived nor limited by General Catalyst's Specific Responses and Objections.

1. Because Palantir seeks expedited discovery in advance of a preliminary injunction hearing, General Catalyst objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they seek discovery beyond the scope permitted by the Federal Rules of Civil Procedure 26 and 45, the local rules of the Southern District of New York, and this Court (the "Applicable Rules").

2. General Catalyst objects to the Subpoena to the extent it subjects General Catalyst to burdens and or obligations that are coextensive with or greater than the discovery obligations imposed by the Applicable Rules on the parties to this litigation.

3. General Catalyst objects to the Subpoena, including the Definitions and Instructions contained therein, to the extent that any request:

    a. seeks the disclosure of information neither relevant to this litigation, nor reasonably calculated to lead to the discovery of admissible evidence;

    b. is overly broad, unduly burdensome, oppressive, and/or duplicative;

    c. is unrestricted in time;

    d. is vague and/or ambiguous;

    e. calls for the disclosure of information protected by the attorney-client privilege, the work-product doctrine, the common-interest doctrine, the settlement privilege, and/or any other privilege or immunity from disclosure recognized by law;

    f. calls for the disclosure of information not within General Catalyst's possession, custody, or control;

    g. calls for the disclosure of information that is publicly available or to which Plaintiff has equal access, or that is obtainable from another source that is more convenient, less burdensome, or less expensive; and/or

    h. constitutes a Request beyond the scope of discovery authorized by and/or seeks to impose obligations beyond those required by the Applicable Rules.

4. In the event that General Catalyst produces information or documents that are privileged, work product, protected under Federal Rule of Evidence 502, or otherwise immune from disclosure, the information/documents will have been produced through inadvertence and shall not constitute a waiver of any privilege or immunity applicable (a) to that or any other information or documents, or (b) to communications concerning the subject matter of that or any

other information or documents. Any such information should be treated in accordance with the stipulated protective order entered in this action.

5. General Catalyst objects to the Requests to the extent that they purport, or may be construed, to call for the identification or production of "all" or "any" information, documents, or things pertaining to a specific subject, on the ground that such language is overly broad and unduly burdensome. To the extent that a search is required, General Catalyst will perform a reasonable search of files in its possession, custody, or control where there is a reasonable likelihood that responsive documents and information may be located.

6. General Catalyst objects to each Request to the extent that it seeks trade secrets, confidential or proprietary information, or personal identifying information or sensitive personal data. General Catalyst will produce confidential documents and information as set forth herein, subject to the terms of the stipulated protective order entered in this matter and any other relevant agreements.

7. General Catalyst objects to each Request to the extent it purports to require General Catalyst to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. General Catalyst will not disclose such information without either the consent of the relevant third party or an order by the Court compelling production.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Any objection to a Definition or Instruction shall also apply equally to any other Definition, Instruction, or Request that incorporates that Definition or Instruction. Any failure by General Catalyst to set forth any objection in this Response does not constitute a waiver of that objection or otherwise preclude General Catalyst from raising that objection at a later time.

1.      Unless specified otherwise, General Catalyst does not adopt Plaintiff's purported definitions of words and phrases. General Catalyst objects to the "Definitions" stated in the Requests to the extent they are susceptible to more than one distinct interpretation, or are inconsistent with the ordinary and customary meaning of such words and phrases or the rules governing the permissible scope of discovery.

2.      General Catalyst objects to Definition No. 2 for "Communication" and Definition No. 3 for "Document" to the extent they purport to impose on General Catalyst obligations that are different than or exceed those imposed by the Applicable Rules.

3.      General Catalyst objects to Definition No. 4 for "General Catalyst," Definition No. 5 for "Palantir," and Definition No. 7 for "Percepta" to the extent they purport to include "all [] corporate locations, and all predecessors, predecessors-in-interest, subsidiaries, parents, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint venture, and others acting on behalf of" General Catalyst, Palantir, and/or Percepta, respectively, as overly broad and beyond the scope of permissible discovery under the Applicable Rules.

4.      General Catalyst objects to Definition No. 6 for "Palantir Property" to the extent it purports to include "any Documents or information created by any Persons in relation to their work for Palantir" as overly broad and beyond the scope of permissible discovery under the Applicable Rules.

5.      General Catalyst objects to Definition No. 8 for "Person" to the extent it purports to include "directors, officers, owners, members, employees, agents, attorneys, or other representatives acting on the Person's behalf" as overly broad and beyond the scope of permissible discovery under the Applicable Rules.

6. General Catalyst objects to Instruction Nos. 1-3 as overly broad to the extent they seek information not in General Catalyst's possession, custody, and control. General Catalyst objects to these instructions as overly broad, unduly burdensome, and not proportionate to the needs of this case. General Catalyst further objects to these instructions to the extent they seek materials protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.

7. General Catalyst objects to Instruction Nos. 4-9 to the extent that these instructions impose burdens and obligations on General Catalyst that exceed or are different than those imposed by the Applicable Rules.

8. General Catalyst objects to Instruction No. 9 to the extent it purports to include Documents and information that "relate in whole or in part" to the period beginning on August 1, 2024, "or to events and circumstances during such period," as this instruction is vague, ambiguous and overly broad. To the extent it produces anything in response to the Requests, General Catalyst will only produce responsive, non-privileged documents and information created on or after August 1, 2024.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All Palantir Property, including but not limited to electronic Documents and Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

In addition to and without waiving its General Objections and Objections to Instructions and Definitions, General Catalyst objects to this Request as overly broad and unduly burdensome to the extent it seeks the identity of "all Palantir Property," and to the extent it seeks information

6

that can be gleaned from, or which is better suited to, other less burdensome discovery devices. General Catalyst further objects to this Interrogatory as calling for a legal conclusion.

Subject to the foregoing, General Catalyst responds that it has conducted a reasonable, good faith search and has not identified any materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications Regarding or with Radha Jain from before Radha Jain joined Percepta.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to and without waiving its General Objections and Objections to Instructions and Definitions, General Catalyst objects to this Request as overly broad and unduly burdensome to the extent it seeks information that can be gleaned from, or which is better suited to, other less burdensome discovery devices. General Catalyst objects to this Request on the grounds that "Regarding . . . Radha Jain" is overly broad, vague and ambiguous. General Catalyst further objects to this Request to the extent it seeks information that is privileged or otherwise subject to privacy protections, including to the extent it calls for sensitive personal data.

General Catalyst further objects to the proposed time period of "before Radha Jain joined Percepta" as overly broad and vague, as it does not specify a beginning (and thus purports to sweep back to an unspecified date in the past) or end to the time period (i.e., when Ms. Jain accepted an offer of employment at Percepta or when she actually commenced her employment there).

Subject to the foregoing, General Catalyst responds that it will produce non-privileged materials responsive to this Request that are identified after a reasonable good faith search.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show Radha Jain's role, duties, and responsibilities at Percepta.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to and without waiving its General Objections and Objections to Instructions and Definitions, General Catalyst objects to this Request as overly broad and unduly burdensome to the extent it seeks information that can be gleaned from, or which is better suited to, other less burdensome discovery devices.

Subject to the foregoing, General Catalyst responds that it will produce non-privileged materials responsive to this Request that are identified after a reasonable good faith search.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications Regarding or with Joanna Cohen from before Joanna Cohen joined Percepta.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to and without waiving its General Objections and Objections to Instructions and Definitions, General Catalyst objects to this Request as overly broad and unduly burdensome to the extent it seeks information that can be gleaned from, or which is better suited to, other less burdensome discovery devices.  General Catalyst objects to this Request on the grounds that "Regarding . . . Joanna Cohen" is overly broad, vague and ambiguous.  General Catalyst further objects to this Request to the extent it seeks information that is privileged or otherwise subject to privacy protections, including to the extent it calls for sensitive personal data.

General Catalyst further objects to the proposed time period of "before Joanna Cohen joined Percepta" as overly broad and vague, as it does not specify a beginning (and thus purports to sweep back to an unspecified date in the past) or end to the time period (i.e., when Ms. Cohen

accepted an offer of employment at Percepta or when she actually commenced her employment there).

Subject to the foregoing, General Catalyst responds that it will produce non-privileged materials responsive to this Request that are identified after a reasonable good faith search.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show Joanna Cohen's role, duties, and responsibilities at Percepta.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to and without waiving its General Objections and Objections to Instructions and Definitions, General Catalyst objects to this Request as overly broad and unduly burdensome to the extent it seeks information that can be gleaned from, or which is better suited to, other less burdensome discovery devices.

Subject to the foregoing, General Catalyst responds that it will produce non-privileged materials responsive to this Request that are identified after a reasonable good faith search.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show Percepta's business, including but not limited to its purpose, product, technology, staffing, structure, relationship to General Catalyst, market, mission, and objectives.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to and without waiving its General Objections and Objections to Instructions and Definitions, General Catalyst objects to this Request as overly broad and unduly burdensome on a non-party. General Catalyst further objects to Request No. 6 to the extent it seeks materials protected by the attorney-client privilege and/or attorney work product doctrine. General Catalyst objects to this Request as irrelevant to the claims and defenses of any party in this action to the

extent it seeks information about Percepta's "structure" and "relationship to General Catalyst." General Catalyst further objects to "purpose, product, technology, staffing, structure, relationship to General Catalyst, market, mission, and objectives" as vague and ambiguous.

Subject to the foregoing, General Catalyst responds that it will produce non-privileged materials responsive to this Request that are identified after a reasonable good faith search.

| | |
|---|---|
| **Dated: November 21, 2025** | **LATHAM & WATKINS LLP** |

By: */s/ Marja-Liisa Overbeck*

Steven N. Feldman
Sarah Burack
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1747
Facsimile: (212) 751-4864
steve.feldman@lw.com
sarah.burack@lw.com

Marja-Liisa Overbeck (*pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
mari.overbeck@lw.com

Josh Ji (*pro hac vice*)
Latham & Watkins LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: (714) 540-1235
Facsimile:(714) 755-8290
josh.ji@lw.com

Jordan Hughes (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, NW Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
jordan.hughes@lw.com

*Attorneys for Radha Jain and Joanna Cohen*

## CERTIFICATE OF SERVICE

I, Marja-Liisa Overbeck, certify that on November 21, 2025, I caused true and correct copies of the foregoing General Catalyst Group Management, LLC's Responses and Objections to Plaintiff Palantir Technologies Inc.'s Notice of Subpoena for Production of Documents to be served by email upon all counsel of record.

By: */s/ Marja-Liisa Overbeck*