# Exhibit 110

**Mari Overbeck**
Direct Dial: +1.415.395.8265
mari.overbeck@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

January 8, 2026

**VIA EMAIL**

Harris M. Mufson
Justin M. DiGennaro
Zachary A. Schreiber
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
hmufson@gibsondunn.com
jdigennaro@gibsondunn.com
zschreiber@gibsondunn.com

Ilissa Samplin
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
isamplin@gibsondunn.com

Re:   *Palantir Technologies, Inc. – Former Employee Letters*

Dear Counsel:

    We write in response to your December 26, 2025 letter referencing your client's generalized "concerns" regarding misappropriation of its confidential information and demanding, without basis or authority, extra-judicial discovery from non-parties to Palantir's pending lawsuit (*Palantir Technologies, Inc. v. Jain, et al.*, No. 1:25-cv-08985-JPO).

    As emphasized in our prior correspondence, our individual clients bear no duty to respond to your letters, which are neither subpoenas nor court orders.  Nevertheless, recognizing the need to protect confidential business information, each client has taken steps to accommodate Palantir's ill-defined "concerns" by confirming their adherence to their preservation obligations and acknowledging their understanding of their contractual obligations to Palantir.

    Percepta and GC have gone even further by participating in expedited discovery in the pending lawsuit.  If Palantir believes that either Percepta or GC's responses to those subpoenas is insufficient, then the proper avenue is to schedule a meet and confer—not threaten "additional subpoenas and/or additional lawsuits."  Ltr. at 1.

LATHAM&WATKINS LLP

    Moreover, discovery in the above-referenced case belies Palantir's claims of "egregious misconduct" and "substantiated theft and misappropriation of Palantir's confidential information." Ltr. at 1. Instead, discovery has uncovered *no evidence* that any confidential Palantir information resides within Percepta or GC's files.[1] With respect to the individuals to whom Palantir sent letters, Palantir itself confirmed that it has investigated these individuals' use of Palantir's systems during their employment, *see* Anna Wendt Dep. Tr. 58:7-16, but has yet to identify *any* information recovered in those investigations to justify its present "concerns."

    Likewise, and as we have repeatedly stated, Percepta and GC have conducted exhaustive searches for Palantir's confidential information stored within their systems, including for evidence of any use of Palantir's confidential information by any employee, and have certified in response to the subpoenas that they have found *none*. In light of the above, your request for a detailed description of the steps Percepta and GC took in their internal investigations is unjustified. If you have legal authority that Percepta/GC are required to provide the information your client has requested notwithstanding the lack of evidence of any misconduct, please provide it to us for our review.

    If Palantir possesses evidence that substantiates its "concerns" regarding misappropriation by any of our individual clients to whom Palantir sent letters and/or by Percepta or GC, it should share it. Our clients stand prepared—though not legally obligated—to cooperate to address them in good faith.

    In that vein, and per Mr. Feldman's email sent earlier today, to which we have not yet received a response, we remain willing to meet and confer. We can make ourselves available to discuss these issues live on Tuesday, January 13, after the filing of our opposition brief in the pending lawsuit.

    Percepta, GC, and the individual letter recipients reserve all rights and objections.

Sincerely,

*/s/ Mari Overbeck*
Mari Overbeck
of LATHAM & WATKINS LLP

---

[1] Although irrelevant to our present correspondence, we must note our categorical rejection of your false assertion that you have "caught one former employee, [Joanna] Cohen, stealing Palantir's confidential information." Ltr. at 1. The unrebutted record following discovery shows that Ms. Cohen took the photos your letter is referring to while wrapping up her duties at Palantir. There is *no evidence* of theft, and *no evidence* that any of these materials was ever shared, discussed, or used by Joanna following her departure from Palantir.