**GIBSON DUNN**

Harris M. Mufson
Partner
T: +1 212.351.3805
M: +1 917.922.1740
hmufson@gibsondunn.com

January 23, 2026

VIA ELECTRONIC FILING

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:     *Palantir Technologies Inc. v. Radha Jain and Joanna Cohen*, No. 1:25-cv-08985-JPO (S.D.N.Y.)

Dear Judge Oetken:

We represent Plaintiff Palantir Technologies Inc. in the above-captioned action and write pursuant to this Court's December 16, 2025 Order (ECF No. 47) to request the permanent sealing of a limited number of redactions in the parties' briefs in connection with Palantir's motion for a preliminary injunction and certain exhibits filed contemporaneously therewith. Palantir has attached a chart identifying the specific bases for sealing or redacting as Exhibit A.

The presumption in favor of public access to judicial documents is subject to multiple, well-recognized exceptions that are applicable here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Courts weigh the presumption of public access against competing considerations in determining whether the presumption has been overcome. *See United States v. Amodeo*, 44 F.3d 141, 146–47 (2d Cir. 1995); *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The presumption can be overcome by "countervailing factors" or "higher values," provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. That presumption is overcome here for the following categories of documents Palantir seeks to file under seal or with limited redactions.

**Personally identifying information.** Palantir has redacted personally identifying information, such as the contact information of non-parties to this Action, contained in certain exhibits. Those exhibits include, for example, records of conversations between Defendants and other Percepta or Palantir employees that reveal each participant's phone number or email.[1] Federal Rule of Civil Procedure 5.2, this Court's ECF Privacy Policy, and Your Honor's Individual Rules provide that sensitive PII should only be disclosed where necessary to a case. *See, e.g., Lively v. Wayfarer Studios LLC*, 2025 WL 2351013, at *2 (S.D.N.Y. Aug. 13, 2025) (permitting sealing of "phone numbers, email addresses, and banking routing and account numbers"); *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *6 (S.D.N.Y. May 16, 2023) (granting sealing of identities and contact information of company's employees). The PII is "not relevant to the Court's

---

[1] *See* Ex. A at 3–5 (referencing ECF Nos. 62-7, 62-9, 69-1).

resolution of the present motion" for a preliminary injunction, "and the privacy interests of innocent third parties sufficiently outweigh any presumption of access afforded to these filings." *UMB Bank, N.A. v. Bristol-Myers Squibb Co.*, 2024 WL 4355029, at *12 (S.D.N.Y. Sept. 30, 2024) (citation omitted).

**Identities of non-parties.** Palantir has redacted the names of certain individual non-parties.[2] The Second Circuit has emphasized that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (citation omitted). Courts in this district have, accordingly, permitted narrowly-tailored redactions of the identities of third parties who have "minimal relevance to the Court's decision on the [at-issue] motion[]." *Ripple Labs*, 2023 WL 3477552, at *6; *see also Kelly v. City of New York*, 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003) (permitting redaction of "any Court filings containing the identities of non-parties"); *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting sealing motion concerning documents with "limited redactions to the names of third parties" whose "privacy interests . . . outweigh the presumption of public access."). Certain exhibits contain references to current Palantir employees who are not parties to this Action, each of whom has an interest in protecting their privacy from disclosure in this dispute. *See Mirlis*, 952 F.3d at 61.

**Customer Names.** Palantir has also redacted the names of Palantir's customers.[3] Courts regularly seal or redact documents that refer to specific customer or client names when those names are sensitive and not publicly disclosed. *See, e.g., Lively*, 2025 WL 3295147, at *3 ("[I]nformation revealing the specific identity of clients and prospective clients . . . is sufficiently sensitive to warrant continued sealing."). Courts are especially willing to seal customer names where, as here, they are subject to a nondisclosure agreement. *See* ECF No. 62-1 (Palantir Tr.) at 178:9–11; *see also, e.g., Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *6 (S.D.N.Y. Nov. 18, 2020) (finding that existence of NDA that purported to protect business information in document sought to be sealed, combined with the "confidential[ity] features built into the Document itself," justified sealing).

Here, the briefs and exhibits contain several references to Palantir's current and prospective customers. Sealing such information "protects [Palantir's] customers' confidentiality" and "protect[s] these innocent entities' interests." *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, 2022 WL 4956050, at *3 (S.D.N.Y. Aug. 26, 2022). The parties' public briefs reflect generalized information about the nature of these customers' businesses, which is sufficient to protect the public's interest here. *See, e.g., In re Document Techs. Litig.*, 282 F. Supp.

---

[2] *See* Ex. A at 1–5, 7 (referencing ECF Nos. 43; 41-25, -26, -27; 41-62, 59-1; 41-63, 59-2; 41-65, 59-4; 62-6; 7; 62-1, -2, -4, -6, -7, -8, -9; 67, 69; 69-1; 65; 76-1, -2; 76-6).

[3] *See* Ex. A at 1–3, 5, 7, 8 (referencing ECF Nos. 43; 41-25, -26, -27; 41-62, 59-1; 41-63, 59-2; 41-65, 59-4; 41-66, -67, 68, -69, -70, -71, -73, -74; 71; 62-1, -2, -4; 67; 69; 65; 76-1, -2; 79).

3d 743, 751 (S.D.N.Y. 2017) (allowing "general references to client identities" to remain unsealed).

A separate basis for sealing customer names is the protection of non-parties' privacy interests, which "represents a legitimate basis for sealing judicial documents." *Sec. & Exch. Comm'n v. Telegram Grp., Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020). Where "[c]onfidential client or customer information" such as "customer names," *PharmacyChecker.com LLC*, 2022 WL 4956050, at *3 (citation omitted), has "minimal relevance" to the Court's adjudication of a motion, "the strong privacy interests of those resisting disclosure outweigh the presumption of public access," *Ripple Labs, Inc.*, 2023 WL 3477552, at *6.

**Proprietary Business Information.** Palantir has also filed under seal and/or redacted documents that reflect Palantir's confidential and proprietary business information which, if exposed, would cause Palantir commercial or competitive harm. *See* ECF No. 78 (Jungck Suppl. Decl.) at ¶¶ 5–6; *see also* ECF No. 9 (Shankar Decl.) ¶¶ 11–12.[4] This includes specific customer use cases, descriptions of Palantir's offerings and workflow designs, presentations and diagrams for active and prospective customer engagements, confidential customer presentations, and information regarding personnel hiring and retention practices. Courts routinely seal documents that contain such proprietary business information because disclosure would place the party (here, Palantir) at a "competitive disadvantage." *See W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022); *see also, e.g.*, *Telegram Grp.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (permitting redaction of information reflecting "private financial dealings" that "provid[e] little value to the monitoring of the federal courts."); *EFCG, Inc. v. AEC Advisors, LLC*, 2020 WL 7121855, at *1 (S.D.N.Y. Nov. 9, 2020) (granting motion to seal documents concerning "confidential, commercially sensitive information which might harm [the plaintiff's] competitive standing vis-à-vis defendants and other competitors"); *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (noting that "[i]nternal documents and unpublished drafts that contain non-public strategies and financial information" may be sealed, "particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors."); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706–07 (S.D.N.Y. 2017) (permitting redaction of average and individual salary information due to risk of competitive harm).[5]

For the foregoing reasons and for good cause shown, Palantir respectfully requests that the Court permit Palantir to maintain the limited sealing of the briefs and exhibits, as more fully set forth in Exhibit A.

---

[4] *See generally* Ex. A.

[5] Defendants have likewise sought to seal similar categories of confidential information. *See* ECF Nos. 49, 60, 60-1.

We thank the Court for its attention to this matter.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

Harris M. Mufson
Partner

HMM