**Steven N. Feldman**
Direct Dial: +1.212.906.1821
steve.feldman@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

## LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

January 23, 2026

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2101
New York, NY 10007

Re:    *Palantir Technologies Inc. v. Jain et al.*, No. 1:25-cv-08985-JPO

Dear Judge Oetken:

We write on behalf of Defendants Radha Jain, Joanna Cohen, and Hirsh Jain (collectively, "Defendants") in the above-referenced matter, as well as on behalf of non-parties Percepta AI LLC ("Percepta") and General Catalyst Group Management, LLC ("General Catalyst") to (1) request the permanent sealing of portions of Plaintiff Palantir Technologies Inc.'s ("Palantir") recently filed Reply in Support of Its Renewed Application for a Preliminary Injunction, and (2) supplement the record with additional deposition excerpts, filed provisionally under seal, consistent with Federal Rule of Evidence 106 and Your Honor's Individual Rules and Practices in Civil Cases.

## I.    SEALING PORTIONS OF PLAINTIFF'S REPLY

As the Court is aware, on January 20, 2026, Palantir filed provisionally-sealed and public redacted copies of its reply, as well as certain exhibits attached thereto. Dkt. 75–80. Because these filings contain competitively-sensitive confidential business information and other immaterial information, the disclosure of which would unnecessarily impinge upon individual privacy interests, they should remain permanently sealed, in whole or in part.

Although there is a presumption of public access to judicial documents, that presumption is subject to multiple, well-recognized exceptions. *See, e.g.*, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In determining whether a party has overcome the presumption of public access, courts weigh the presumption against relevant competing considerations. *See United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995); *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). When the presumption is overcome, the Court may seal documents "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Sealing the filings at issue here in whole or in part will preserve higher values by (i) preventing competitive harm to non-party businesses, and (ii) protecting non-parties' personal privacy.

The Honorable J. Paul Oetken
January 23, 2026
Page 2

LATHAM&WATKINS LLP

*First*, certain documents have been provisionally sealed because they contain Percepta's and General Catalyst's confidential business information and disclosure of that information would cause the companies commercial or competitive harm.  Courts routinely seal such information. *See, e.g.*, *New York v. Actavis, PLC*, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (explaining that "[i]nternal documents and unpublished drafts that contain non-public strategies and financial information" may be sealed, "particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors"); *see also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (permitting sealing of "internal corporate documents that govern investment strategies, information regarding proprietary modeling assumptions, and more generally, customer names, account numbers, and pricing information"); *Sohm v. Scholastic, Inc.*, 2017 WL 11812251, at *1 (S.D.N.Y. Aug. 15, 2017) (sealing "confidential business information [that] 'would give competing publishers selling similar book lines a competitive advantage in setting their own print runs'").  This is especially true when the confidential business information belongs to a non-party. *See SEC v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020); *see also In re Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (stating that "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation" (citation omitted)).

Here, disclosure of Percepta's and General Catalyst's confidential business information—which includes testimony regarding Percepta's and General Catalyst's business, investment, and personnel strategy, *e.g.*, Exs. 104, 107–08, and identities of undisclosed customers and specific solutions crafted for them, *e.g.*, Exs. 104–05, 108—would provide an advantage to other artificial intelligence consulting companies (and their investors) seeking to compete with Percepta and General Catalyst on their offerings and price and for personnel.  *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (finding "confidential information about Microsoft's business models, including details of Microsoft's sources of revenue and the amounts of its revenue and sales; quantitative details about Microsoft's user base for certain offerings; quantitative details about usage of specific product features; [and] specific revenue amounts from certain offerings . . . should remain private; if that information were to be disclosed, it could indeed harm Microsoft or advantage its competitors."); *see also Amodeo*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.").  These documents, or portions thereof, should remain sealed.

*Second*, certain documents have been provisionally sealed to protect the privacy of other non-parties, such as the identities of spouses and personal friends of the parties, as well as unsuccessful prospective hires at Percepta who are wholly irrelevant to the case.  Courts have found that this sort of information warrants sealing.  *E.g.*, *SEC v. Ripple Labs, Inc.*, 2023 WL 3477552, at *8–9 (S.D.N.Y. May 16, 2023) (sealing the identities and personal information of third-party employees); *Stafford v. IBM Corp.*, 2022 WL 1486494, at *3 (S.D.N.Y. May 10, 2022) ("The Court, however, agrees that any sensitive information, such as the name or other identifying information, of the non-party IBM employee whose performance evaluation is discussed should be redacted."), *rev'd and vacated on other grounds*, 78 F.4th 62 (2d Cir. 2023).  These documents should be partially sealed to protect these third parties' interests.  *See Lugosch*, 435 F.3d at 124.

LATHAM&WATKINS LLP

Defendants, Percepta, and General Catalyst have again attached a matrix identifying the specific basis for sealing or redacting each document. *See* Attachment A.

## II.    ADDITIONAL DEPOSITION EXCERPTS

Pursuant to Federal Rule of Evidence 106 and Rule 5(E)(ii) of Your Honor's Individual Rules and Practices in Civil Cases, and to ensure the Court has a complete and accurate record ahead of the preliminary injunction hearing on January 27, Defendants submit the following additional deposition excerpts, which are attached to the accompanying declaration of Steven Feldman. These excerpts provide necessary context regarding certain exhibits that Palantir cites in its reply, Dkt. 80, and should in fairness be considered alongside them. Further, the excerpts respond to Palantir's contention, raised throughout its reply, that Defendants have offered new or inconsistent testimony on particular matters and/or documents at issue. Defendants respectfully request that the Court take these excerpts under submission.

- **Deposition of Radha Jain (Ex. 248)**
    - 213:9-216:10 (discussing Palantir Ex. 11)
    - 227:13-228:7 (discussing Palantir Ex. 13)
    - 261:16-294:2, 298:11-300:08 (discussing Palantir Ex. 1)
    - 366:11-367:13 (discussing Palantir Ex. 77)
- **Deposition of Joanna Cohen (Ex. 249)**
    - 189:20-198:23 (discussing Palantir Ex. 37)
    - 200:11-203:15 (discussing Palantir Ex. 38)
    - 218:14-221:23 (discussing Palantir Ex. 62)
    - 323:22-328:4 (discussing Palantir Ex. 101)
    - 329:11-331:7 (discussing Palantir Ex. 102)
    - 331:18-335:12[1]
- **Deposition of Jonathan Jungck (Ex. 250)**[2]

---

[1] This page range was initially cited in Defendants' Opposition, Dkt. 70 at 13, however, pages 332 and 333 of this excerpt were inadvertently omitted from Defendants' filing. Accordingly, such pages are now being included for completeness.

[2] The Court should disregard testimony from Paragraph 6 of the supplemental declaration of Jonathan Jungck, Dkt. 77, relating to Exhibits 234, 235, 239, 242, 245, and 246. Mr. Jungck was designated as Palantir's corporate representative to testify on the "factual basis of Palantir's alleged irreparable harm," which would include any alleged irreparable harms arising from the disclosure of Palantir's alleged confidential information. Dkt. 22 ¶ 4. During his corporate deposition, Mr. Jungck disclaimed having any knowledge of several of the documents that he now discusses in his supplemental declaration. *See, e.g.*, Jungck Dep. 215:25-216:3 (testifying "[n]o, I have not" seen Exhibit 234 before); 230:10-231:7 ("I've not seen [Exhibit 235]"); 264:1-5 (Exhibit 242: "I don't recognize this exact one"); 260:23-261:1 (similar for Exhibit 239); *see also* 271:1-6; 283:5-8 (confirming Exs. 245 and 246 are part of Ex. 242). These portions of his supplemental declaration

The Honorable J. Paul Oetken
January 23, 2026
Page 4

LATHAM&WATKINS LLP

- o 102:18-103:23
- o 207:22-208:4 (discussing Defendants Ex. 233)
- o 213:10-14-215:9-20 (discussing Defendants Ex. 233)
- o 215:25-216:3 (discussing Defendants Ex. 234)
- o 221:10-18; 222:1-4 (discussing Defendants Ex. 234)
- o 230:21-231:7-232:15-24 (discussing Defendants Ex. 235)
- o 236:8-237:2 (discussing Defendants Ex. 235)
- o 260:23-261:1 (discussing Defendants Ex. 239)
- o 263:22-5 (discussing Defendants Ex. 242)
- o 271:1-6 (discussing Defendants Ex. 243)
- o 283:5-8 (discussing Defendants Exs. 245 and 246)
- **Deposition of Thomas Mathew (Ex. 251)**
  - o 100:13-118:9 (discussing Palantir Ex. 80)
  - o 168:15-190:6 (discussing Palantir Ex. 81)
  - o 194:3-199:11 (discussing Palantir Ex. 83)

Defendants request the Court's leave to file these documents provisionally under seal so that Palantir may be heard with respect to any further sealing, in whole or in part, that it seeks to justify. Defendants, Percepta, and General Catalyst provide the specific bases for their permanent partial sealing requests with respect to these documents—which competitively-sensitive confidential business information and information bearing on third party privacy interests—in the attached document matrix. *See* Attachment A; *see also supra* pp.1–3.

For the foregoing reasons, Defendants, Percepta, and General Catalyst respectfully request that this Court (1) permanently seal the relevant portions of Plaintiff's reply; and (2) accept as filed the supplemental deposition excerpts under provisional seal.

Respectfully submitted,


 */s/ Steven N. Feldman*
Steven N. Feldman
of LATHAM & WATKINS LLP


Attachment
cc:    All Counsel of Record (via ECF (with Attachment))

---

are therefore improper, and the Court should not give them any weight. *See* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *see also Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544 at *1 (S.D.N.Y. Dec. 12, 2001) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity.").