## ATTACHMENT A

### Defendants' Letter Motion to Seal Matrix

| Dkt. # | Description | Bates Number | Ex. # | Basis for Sealing |
|---|---|---|---|---|
| (075-1) | Plaintiff's Supplemental R. Jain Deposition Excerpts | N/A | Ex. 104 | This document need not be sealed subject to the redaction of the information outlined below.<br><br>The following lines should be redacted to protect competitively sensitive confidential business information: 136:7–9, 14–25 (undisclosed customer names; customer-specific solutions; business strategy regarding core offerings); 139:14–17; 306:13, 15, 19; 351:2 (undisclosed customer names); 139:25–140:12, 140:15; 378:2–8, 14, 22 (undisclosed customer names; customer-specific solutions); 144:2–3, 11 (undisclosed customer names; business strategy regarding core offerings); 156:11–19, 21–25 (undisclosed customer names; internal job responsibilities; investment strategy); 190:10–11 (compensation decisions); 226:2–9 (Percepta growth strategy; internal structure); 228:18–229:4 (Percepta growth strategy; General Catalyst investment strategy); 237:4–238:25 (Percepta growth and hiring strategy; compensation negotiations); 364:12–19, 365:2–3 (General Catalyst investment strategy); 376:2–7, 11–25 (business strategy regarding core offerings). *See* Ltr. Mot. at 1–3.<br><br>The following lines should be redacted to protect third party privacy interests: 44:24–25 (identities of uninterested third parties); 156:2–4 (identity of uninterested third party); 237:4–16 (identities of uninterested third parties); 352:13–19 (identity and assessment of prospective Percepta hire); 357:9 (identity of uninterested third party). *See* Ltr. Mot. at 1–3. |

| | | | | |
|---|---|---|---|---|
| | | | | To the extent Plaintiff argues that any other part of this document should be sealed, it must justify its request. |
| (075-2) | Plaintiff's Supplemental Cohen Deposition Excerpts | N/A | Ex. 105 | This document need not be sealed subject to the redaction of the information outlined below.<br><br>The following lines should be redacted to protect competitively sensitive confidential business information: 199:11, 16; 200:12; 258:13, 18, 21; 286:9, 12 (undisclosed customer names).  *See* Ltr. Mot. at 1–3.<br><br>The following lines should be redacted to protect third party privacy interests: 133:2, 7, 19–20, 24–25 (communications between intimate partners/now-spouses).  *See* Ltr. Mot. at 1–3.<br><br>To the extent Plaintiff argues that any other part of this document should be sealed, it must justify its request. |
| (075-3) | Plaintiff's Supplemental Jungck Deposition Excerpts | N/A | Ex. 106 | Plaintiff must justify its request to seal this document. |
| (075-4) | Q. Clark - H. Jain email thread | PERCEPTA_GC_0000169 | Ex. 107 | This document should be sealed to protect competitively sensitive confidential business information (Percepta growth strategy and internal hiring strategy).  *See* Ltr. Mot. at 1–3. |
| (075-5) | Plaintiff's Supplemental Mathew Deposition Excerpts | N/A | Ex. 108 | This document need not be sealed subject to the redaction of the information outlined below.<br><br>The following lines should be redacted to protect competitively sensitive confidential business information: |

| | | | | |
|---|---|---|---|---|
| | | | | 76:7, 9, 12–15, 20–22; 145:19; 191:19; 317:25; 318:6–7, 9, 17, 19, 23–24; 320:9 (undisclosed customer names); 79:3–4, 7–13, 19. 24–80:10; 83:2–3, 7, 10–16, 18–24 (undisclosed customer names; customer-specific solutions); 109:11–25; 113:2–25 (business strategy regarding Percepta's core offerings); 124:2–125:25 (undisclosed customer names; customer-specific solutions; customer negotiation strategy); 144:2, 10–21 (internal job responsibilities; customer engagement strategy). *See* Ltr. Mot. at 1–3.<br><br>To the extent Plaintiff argues that any other part of this document should be sealed, it must justify its request. |
| (075-6) | Plaintiff's Supplemental Greenspan Deposition Excerpts | N/A | Ex. 109 | Defendants do not oppose Plaintiff's request to seal this document in part to protect the privacy interests of uninterested third parties, but Plaintiff must otherwise justify its request to seal this document. |
| (075-7) | Latham & Watkins Letter | N/A | Ex. 110 | This document does not contain any confidential information and need not be sealed. |
| (077) | Declaration of J. Jungck | N/A | N/A | Defendants do not oppose Plaintiff's request to seal this document. |
| (080) | Memorandum of Law | N/A | N/A | This document need not be sealed subject to the continued redaction of competitively sensitive confidential business information on pages 1, 3, 8–10, 14–17, 20 (undisclosed Percepta customer identities; customer-specific problems and solutions; Percepta growth and go-to-market strategy). *See* Ltr. Mot. at 1–3. |

3

| | | | | |
|---|---|---|---|---|
| | | | | To the extent Plaintiff argues that any other part of this document should be sealed, it must justify its request. |
| --- | Defendants' Supplemental R. Jain Deposition Excerpts | N/A | Ex. 248 | This document need not be sealed subject to the redaction of the information outlined below.<br><br>The following lines should be redacted to protect competitively sensitive confidential business information: 228:18–25, 298:5–10 (Percepta growth strategy; General Catalyst investment strategy); 278:15–17, 19–21, 294:4–12, 17, 300:15–25 (Percepta hiring strategy). *See* Ltr. Mot. at 1–3.<br><br>The following lines should be redacted to protect third party privacy interests: 265:22–266:2, 266:7, 266:17–267:10, 267:19, 267:23–24, 268:17, 268:20–21, 268:24–25, 269:12; 269:14, 271:15, 271:17–18, 272:2–3, 272:7, 272:12, 273:2, 273:5, 273:7, 275:2, 276:20, 280:19, 281:5, 281:10, 281:12, 281:16, 281:21, 282:13, 282:15, 282:23–24, 283:24–25, 284:2, 284:18, 284:22, 285:5, 285:12, 286:4, 286:19, 287:3–4, 287:6, 287:9, 289:9–11, 289:25, 290:3, 290:5, (identities and personal details of uninterested third parties). *See* Ltr. Mot. at 1–3.<br><br>To the extent Plaintiff argues that any other part of this document should be sealed, it must justify its request. |
| --- | Defendants' Supplemental Cohen Deposition Excerpts | N/A | Ex. 249 | This document need not be sealed subject to the redaction of the information outlined below.<br><br>The following lines should be redacted to protect competitively sensitive confidential business information: 189:13, 189:24, 190:12, 192:3, 192:8, 192:22, 193:7, 195:10, 195:16, 195:25, 196:2, 196:14–15, 197:4–5, 197:23, 197:25, |

| | | | | |
|---|---|---|---|---|
| | | | | 198:1, 200:12, 201:16, 201:22, 202:4, 203:9 (undisclosed customer identity). *See* Ltr. Mot. at 1–3. <br><br>The following lines should be redacted to protect third party privacy interests: 189:12, 189:23, 190:7, 190:11, 190:18, 190:22, 191:14, 191:18, 192:9, 192:20, 192:24, 193:3 (identities and personal details of uninterested third parties). *See* Ltr. Mot. at 1–3. <br><br>To the extent Plaintiff argues that any other part of this document should be sealed, it must justify its request. |
| --- | Defendants' Supplemental Jungck Deposition Excerpts | N/A | Ex. 250 | Plaintiff must justify its request to seal this document. |
| --- | Defendants' Supplemental Mathew Deposition Excerpts | N/A | Ex. 251 | This document need not be sealed subject to the redaction of the information outlined below. <br><br>The following lines should be redacted to protect competitively sensitive confidential business information: 105:13–14, 105:17–19, 105:22, 106:2, 106:18, 107:8–9, 110:4, 170:18, 170:22, 171:14, 171:17, 171:24, 189:18–19, 189:23, 190:3, 190:6 (undisclosed customer/partner identity); 106:3–5, 106:8–17 (undisclosed customer identity; customer-specific solutions); 109:11–25, 110:17–11:17, 111:21–24, 112:6–7, 112:20–114:3, 168:2–5, 194:13–20, 195:10–13, 198:22–24, 199:10–11 (business strategy regarding core offerings); 117:15–19, 118:3–9, 172:12–19, 172:22–174:6, 180:23–181:7, 183:5–7, 183:9–10, 183:14–21, 184:8–13, 185:18–186:6, 196:10–22, 197:24–198:12 (Percepta growth |

|  |  |  |  | strategy; business strategy regarding core offerings); 186:7–22, 189:13–15 (undisclosed customer identity; Percepta growth strategy; business strategy regarding core offerings). *See* Ltr. Mot. at 1–3.<br><br>To the extent Plaintiff argues that any other part of this document should be sealed, it must justify its request. |
|---|---|---|---|---|