**GIBSON DUNN**

Harris M. Mufson
Partner
T: +1 212.351.3805
M: +1 917.922.1740
hmufson@gibsondunn.com

January 28, 2026

VIA ELECTRONIC FILING

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re:   *Palantir Technologies Inc. v. Radha Jain and Joanna Cohen*, No. 1:25-cv-08985-JPO (S.D.N.Y.)

Dear Judge Oetken:

We write on behalf of Plaintiff Palantir Technologies Inc. in the above-captioned action to request the permanent sealing of portions of additional deposition transcript excerpts filed provisionally under seal by Defendants on January 23, 2026, consistent with Federal Rule of Evidence 106 and Your Honor's Individual Rules and Practices in Civil Cases.

On January 23, 2026, Defendants filed provisionally-sealed and redacted copies of the deposition transcripts of Radha Jain, Thomas Mathew, Jonathan Jungck, and Joanna Cohen. *See* ECF Nos 84–85. Because certain of these excerpts reveal the identities of uninterested third parties, Palantir customers, and competitively-sensitive confidential business information, they should be permanently sealed.

The presumption in favor of public access to judicial documents is subject to multiple, well-recognized exceptions that are applicable here. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Courts weigh the presumption of public access against competing considerations in determining whether the presumption has been overcome. *See United States v. Amodeo*, 44 F.3d 141, 146–47 (2d Cir. 1995); *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). The presumption can be overcome by "countervailing factors" or "higher values," provided that "the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. That presumption is overcome here for the following categories of documents Palantir seeks to file under seal or with limited redactions.

**GIBSON DUNN**

The Honorable J. Paul Oetken                                                                 January 28, 2026
                                                                                                              Page 2

**Identities of non-parties.**  Palantir requests redaction of the names of certain individual non-parties mentioned in the deposition transcripts of Ms. Jain[1] and Ms. Cohen.[2]  The Second Circuit has emphasized that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."  *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) (citation omitted).  Courts in this district have, accordingly, permitted narrowly-tailored redactions of the identities of third parties who have "minimal relevance to the Court's decision on the [at-issue] motion[]."  *Ripple Labs*, 2023 WL 3477552, at *6; *see also Kelly v. City of New York*, 2003 WL 548400, at *6 (S.D.N.Y. Feb. 24, 2003) (permitting redaction of "any Court filings containing the identities of non-parties"); *Fairstein v. Netflix, Inc.*, 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting sealing motion concerning documents with "limited redactions to the names of third parties" whose "privacy interests . . . outweigh the presumption of public access.").  The deposition transcripts of Ms. Jain and Ms. Cohen contain references to current Palantir employees who are not parties to this Action, each of whom has an interest in protecting their privacy from disclosure in this dispute. *See Mirlis*, 952 F.3d at 61.

**Customer Names.**  Palantir also requests redaction of the names of Palantir's customers mentioned in Ms. Cohen's[3] and Mr. Jungck's[4] deposition transcripts.  Courts regularly seal or redact documents that refer to specific customer or client names when those names are sensitive and not publicly disclosed.  *See, e.g.*, *Lively v. Wayfarer Studios LLC*, 2025 WL 3295147, at *3 (S.D.N.Y. Nov. 26, 2025) ("[I]nformation revealing the specific identity of clients and prospective clients . . . is sufficiently sensitive to warrant continued sealing.").  Sealing such information "protects [Palantir's] customers' confidentiality" and "protect[s] these innocent entities' interests."  *PharmacyChecker.com LLC v. Nat'l Ass'n of Boards of Pharmacy*, 2022 WL 4956050, at *3 (S.D.N.Y. Aug. 26, 2022). Courts are especially willing to seal customer names where, as here, they are subject to a nondisclosure agreement. *See* ECF No. 62-1 (Palantir Tr.) at 178:9–11; *see also, e.g.*, *Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *6 (S.D.N.Y. Nov. 18, 2020) (finding that existence of NDA that purported to protect business information in document sought to be sealed, combined with the "confidential[ity] features built into the Document itself," justified sealing).

A separate basis for sealing customer names is the protection of non-parties' privacy interests, which "represents a legitimate basis for sealing judicial documents."  *Sec. & Exch. Comm'n v. Telegram Grp., Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020).  Where "[c]onfidential client or customer information" such as "customer names," *PharmacyChecker.com LLC*, 2022 WL 4956050, at *3 (citation omitted), has "minimal relevance" to the Court's adjudication of a motion,

---

[1] ECF No. 85-1 (Ex. 248) at 298:14, 18, 19–20; 300:9, 11–12.

[2] ECF No. 85-2 (Ex. 249) at 189:2–3, 10, 21–22; 191:11; 192:7–8, 20; 193:13, 25; 196:6.

[3] ECF No. 85-2 (Ex. 249) at 198:19–21.

[4] ECF No. 85-3 (Ex. 250) at 221:1, 11–13; 231:2–4; 237:10 – 11; 263:14.

**GIBSON DUNN**

The Honorable J. Paul Oetken																																																																																																																																																																																																																																																																																																																																																																																																																																																																					January 28, 2026
Page 3

"the strong privacy interests of those resisting disclosure outweigh the presumption of public access," *Ripple Labs, Inc.*, 2023 WL 3477552, at *6.

**Proprietary Business Information.**  Palantir further requests that portions of Ms. Cohen's[5] and Mr. Jungck's[6] deposition transcripts be redacted because they reflect Palantir's confidential and proprietary business information which, if exposed, would cause Palantir commercial or competitive harm.  *See* ECF No. 78 (Jungck Suppl. Decl.) at ¶¶ 5–6; *see also* ECF No. 9 (Shankar Decl.) ¶¶ 11–12.  This includes information on specific customer use cases and customer needs, as well as presentations and diagrams for active and prospective customer engagements.  Courts routinely seal documents that contain such proprietary business information because disclosure would place the party (here, Palantir) at a "competitive disadvantage."  *See W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *3 (S.D.N.Y. Mar. 25, 2022); *see also, e.g.*, *Telegram Grp.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (permitting redaction of information reflecting "private financial dealings" that "provid[e] little value to the monitoring of the federal courts."); *EFCG, Inc. v. AEC Advisors, LLC*, 2020 WL 7121855, at *1 (S.D.N.Y. Nov. 9, 2020) (granting motion to seal documents concerning "confidential, commercially sensitive information which might harm [the plaintiff's] competitive standing vis-à-vis defendants and other competitors").

For the foregoing reasons and for good cause shown, Palantir respectfully requests that the Court permit Palantir to maintain the limited sealing of the deposition transcript passages described herein.

We thank the Court for its attention to this matter.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

Harris M. Mufson
Partner

HMM

---

[5] ECF No. 85-2 (Ex. 249) at 194:7–8; 195:2–5, 11; 197:6; 198:13, 21.

[6] ECF No. 85-3 (Ex. 250) at 102:24–103:4; 232:7, 9, 12, 22; 236:14, 20; 237:3, 15, 19; 236:4–5, 16, 18–21.