**GIBSON DUNN**

Harris M. Mufson
Partner
T: +1 212.351.3805
M: +1 917.922.1740
hmufson@gibsondunn.com

March 4, 2026

VIA ECF

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square New York, NY 10007

Re:   *Palantir Technologies Inc. v. Hirsh Jain, Radha Jain, and Joanna Cohen,* No. 1:25-cv-08985-JPO (S.D.N.Y.)

Dear Judge Oetken:

We represent Plaintiff Palantir Technologies Inc. and write regarding indemnification of Palantir's costs, fees, and expenses incurred in successfully obtaining the Court's preliminary injunction dated February 18, 2026, as amended.  ECF Nos. 90-91, 93.

In their respective employment agreements, Defendants each agreed to indemnify Palantir "from any and all costs, fees, or expenses incurred by the Company (including, but not limited to, attorneys' fees) in successfully enforcing the terms of this Agreement against me (including, but not limited to, a court temporarily, partially, or fully granting any application, motion, or petition by the Company for injunctive relief) as a result of my breach or threatened breach of any provision contained herein."  ECF Nos. 33-1, 33-2, 33-3, PIIA § 9.  Palantir "successfully enforc[ed]" the terms of Defendants' respective PIIAs by obtaining a preliminary injunction.  See ECF Nos. 90-91, 93.  As a result, Defendants are contractually obligated to indemnify Palantir for the costs, fees, and expenses it incurred in obtaining that relief.  They have refused to do so.

Defendants' employment agreements contain broad arbitration provisions requiring arbitration before JAMS of "any and all … claims … relating to … any breach of this Agreement," and specify that the JAMS Employment Arbitration Rules & Procedures apply.  ECF Nos. 33-1, 33-2, 33-3, Arb. Agmt. § 1.A.  The only exception to this broad arbitration agreement is that the parties may elect to seek "injunctive relief" in court.  PIIA § 9; Arb. Agmt. § 1.D.

Because Palantir's claim for indemnification is for monetary relief—not injunctive relief— Palantir does not currently intend to seek its fees and costs under Fed. R. Civ. P. 54(d), which entitles a prevailing party to seek its costs, fees, and expenses in court within 14 days of the entry of judgment. See Fed. R. Civ. P. 54(d)(2)(B)(i).  Instead, as this Court recently held in a nearly identical context, any such claims must be arbitrated.  See *BakeMark USA LLC v. Negron,* 2025 WL 2845758, at *14 (S.D.N.Y. Sept. 29, 2025) (holding that a post-injunction "fee motion falls within the broad scope of the Arbitration Agreement and must be decided by the arbitrator").

**GIBSON DUNN**

March 4, 2026
Page 2

  To avoid any unnecessary disputes concerning timeliness, Palantir sought Defendants' agreement that this indemnification dispute is arbitrable and not subject to Rule 54(d)'s deadline. Defendants' counsel declined to engage on the issue, stating that "it is not our clients' responsibility to confirm whether, where or when Palantir can bring a claim for attorneys' fees."

  In light of Defendants' refusal to meaningfully engage on this indemnification issue, Palantir asks this Court to set a schedule for further briefing on the issue, and Palantir respectfully requests that the Court stay any potentially applicable deadlines under Rule 54(d) out of an abundance of caution while the arbitrability of the indemnification dispute is determined.

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

*/s/ Harris M. Mufson*

Harris M. Mufson