Steven N. Feldman
Direct Dial: +1.212.906.1821
steve.feldman@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

March 5, 2026

<u>**VIA ECF**</u>

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square New York, NY 10007

Re: *Palantir Technologies Inc. v. Hirsh Jain, Radha Jain, and Joanna Cohen*, No. 1:25-cv-08985-JPO (S.D.N.Y.)

Dear Judge Oetken,

  Defendants Hirsh Jain, Radha Jain, and Joanna Cohen (collectively, "Defendants") submit this letter in response to Plaintiff Palantir Technologies Inc.'s ("Palantir") letter dated March 4, 2026 (ECF No. 95) requesting that the Court "set a schedule for further briefing" on an alleged "indemnification dispute" and stay "any potentially applicable deadlines under Rule 54(d)." As set forth below, the relief Palantir seeks asks this Court to render an improper advisory opinion on an unripe dispute and should be denied.

  Palantir requests that this Court schedule briefing on whether an indemnification claim is arbitrable and whether to stay Rule 54(d) deadlines. But there is no ripe indemnification dispute for this Court to adjudicate. To date, Palantir has not made any demand for attorneys' fees or costs—not before this Court, not in (an as-yet uncommenced) arbitration, and not anywhere else. Palantir's own counsel stated in correspondence just eight days ago that "***Palantir has not yet decided if it will seek its attorneys' fees from Defendants but reserves its right to do so***." *See* Exhibit A (emphasis added). Palantir cannot simultaneously claim that Defendants have "refused" to indemnify it while also stating it has not yet decided whether it is going to demand indemnification.

  Indeed, the email correspondence between counsel, attached as Exhibit A, demonstrates that Palantir's current position is inconsistent and opportunistic. On February 24, 2026, Palantir's counsel first raised the fee issue by stating that Palantir "has not yet decided if it will seek its attorneys' fees" and asking whether Defendants would "agree to defer the issue of attorneys' fees by waiving any timeliness objections." Defendants appropriately declined to waive timeliness objections to a claim that had not been made and might never be made, and have consistently reserved all rights (and continue to do so) with respect to any claim Palantir may pursue.

LATHAM&WATKINS LLP

When Defendants declined, Palantir then asserted that no deadlines apply anyway because the claim is arbitrable. Now, Palantir asks this Court to brief the arbitrability issue and stay deadlines that Palantir itself claims do not apply.

If Palantir believes its indemnification claim "must be arbitrated," as it now asserts, then Palantir should file an arbitration demand with JAMS and take up the merits and timeliness of its demand with an arbitrator (who, if he or she retains jurisdiction, may well decide to be guided by deadlines from the federal rules and/or the procedural law of the forum state, as would be within his or her authority to do). If Palantir believes its claim belongs in this Court, it should file a timely motion under Rule 54(d). But Palantir should not ask this Court to authorize a claim—or determine the proper forum for that claim—before Palantir has decided to pursue it at all. Palantir is effectively asking this Court to bless its hypothetical litigation strategy before it engages in motion practice, but that is not how litigation works. Simply put, the issue is not ripe, and the Court's intervention at this stage would constitute an improper advisory opinion, as well as a waste of judicial resources. *Smith v. Bader*, 458 F. Supp. 1184, 1187 (S.D.N.Y. 1978) ("[T]he general partner has yet to make a claim pursuant to the indemnification provision. Absent this issue actually being in controversy, this court declines to issue an advisory opinion as to the enforceability of the provision."); *see also Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (affirming a district court ruling that "plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies").

Accordingly, Defendants respectfully request that the Court decline Palantir's request for further briefing and deny its request to stay any deadlines. If Palantir wishes to seek indemnification for its fees and costs, it should file a demand in whatever forum it believes is appropriate and allow the parties to litigate the validity and/or arbitrability of that demand at that time. Until then, there is no dispute for this Court to resolve.

Respectfully submitted,

*/s/ Steven N. Feldman*
Steven N. Feldman

cc: all counsel of record (via ECF)