**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PALANTIR TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>v.<br><br>HIRSH JAIN, RADHA JAIN, and JOANNA COHEN,<br><br>Defendants. | Case No. 1:25-cv-08985-JPO<br><br>Hon. J. Paul Oetken |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Hirsh Jain, Radha Jain, and Joanna Cohen (together, "Defendants") as and for their Answer to the First Amended Complaint filed by Plaintiff Palantir Technologies, Inc. ("Palantir") respond as set forth below:

**INTRODUCTION**

1. Defendants admit the allegations in Paragraph 1.

2. Paragraph 2 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. Paragraph 3 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3.

4. Paragraph 4 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants admit that

Radha Jain and Joanna Cohen are not the only individuals to have previously worked at Palantir to join Percepta but otherwise deny the allegations in Paragraph 4.

5. Paragraph 5 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 5.

6. Defendants admit that Mr. Jain sent the text message reflected in the image pictured in Paragraph 6. Defendants otherwise deny the allegations in Paragraph 6.

7. Defendants admit that the image pictured in Paragraph 7 was recovered from Ms. Cohen's mobile phone, which she used for both personal and work-related tasks. Defendants otherwise deny the allegations in Paragraph 7.

8. Defendants admit that the image pictured in Paragraph 8 accurately reflects an incomplete excerpt of Ms. Cohen's deposition testimony. To the extent Paragraph 8 seeks to quote Ms. Cohen's deposition testimony, the deposition transcript is the best source of the full content and context of her statements. Defendants otherwise deny the allegations in Paragraph 8.

9. Paragraph 9 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants deny the allegations in Paragraph 11.

12. Paragraph 12 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13. Paragraph 13 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14. Defendants admit that Mr. Jain resigned from Palantir in August 2024. Defendants otherwise deny the allegations in Paragraph 14.

15. Paragraph 15 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16. Paragraph 16 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17. Paragraph 17 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18. Defendants admit that Mr. Jain sent the text message reflected in the image pictured in Paragraph 18. Defendants otherwise deny the allegations in Paragraph 18.

19. Defendants admit that Ms. Jain sent the text message reflected in the image pictured in Paragraph 19. Defendants otherwise deny the allegations in Paragraph 19.

20. Paragraph 20 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants admit that Ms. Jain notified Palantir that she was resigning in December 2024. Defendants further admit that Ms. Jain elected not to sign a severance agreement upon leaving Palantir's employ. Defendants otherwise deny the allegations in Paragraph 23.

24. Defendants admit the allegations in Paragraph 24.

25. Defendants admit that Mr. Jain met with Ms. Cohen, introduced her to individuals involved with Percepta, and negotiated her compensation package. Defendants otherwise deny the allegations in Paragraph 25.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants admit that in October 2025, General Catalyst issued a press release announcing the launch of Percepta. Defendants otherwise deny the allegations in Paragraph 27.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 regarding any forensic investigation conducted by Palantir and therefore deny them. Defendants otherwise deny the allegations in Paragraph 28.

29. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 regarding the result of Palantir's internal investigation and on that basis denies all such allegations. Defendants deny any remaining allegations in Paragraph 29.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Paragraph 35 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 35.

**PARTIES**

36. Defendants admit that Palantir is a Delaware corporation. Defendants lack sufficient knowledge regarding the remaining allegations in Paragraph 26 and on that basis deny them.

37. Defendants admit the allegations in Paragraph 37.

38. Defendants admit the allegations in Paragraph 38.

39. Defendants admit the allegations in Paragraph 39.

**JURISDICTION AND VENUE**

40. Paragraph 40 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 40.

41. Paragraph 41 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 41.

42. Paragraph 42 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43 and further state that Palantir's claims are subject to binding arbitration and this matter should be dismissed or stayed pending arbitration.

44. Defendants admit that they reside in this District but otherwise deny the allegations in Paragraph 44 and further state that Palantir's claims are subject to binding arbitration and this matter should be dismissed or stayed pending arbitration.

**STATEMENT OF FACTS**

45. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and therefore deny them.

46. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and therefore deny them.

47. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and therefore deny them.

48. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny them.

49. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny them.

50. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny them.

51. Defendants admit the allegations in Paragraph 51.

52. Defendants admit the allegations in Paragraph 52 except to state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations regarding "Palantir's retention strategies relating to its most promising personnel" and on that basis denies them.

53. Defendants admit that during his time with Palantir, Mr. Jain's direct reports included individuals who were leaders of specific deployments within Palantir's health and

civilian government business and were also people leads. Defendants otherwise deny the allegations in Paragraph 53.

54. Defendants admit that Ms. Jain began her career at Palantir as a Forward Deployed Engineer. Defendants otherwise deny the allegations in Paragraph 54.

55. Defendants admit that Ms. Jain worked at Palantir in the role of AI Product Engineer. Defendants otherwise deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants admit that, early in her time at Palantir, Ms. Jain attended at most two "bootcamps" with Palantir customers. Defendants otherwise deny the allegations in Paragraph 58.

59. Defendants admit that Ms. Cohen worked at Palantir as a Forward Deployed Engineer. Defendants also admit that Ms. Cohen worked at Palantir in the role of Healthcare Lead. Defendants otherwise deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants admit that while working for Palantir, Defendants had access to confidential information. Defendants otherwise deny the allegations in Paragraph 62.

63. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 and therefore deny them.

64. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 and therefore deny them.

65. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 and therefore deny them.

66. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and therefore deny them.

67. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 and therefore deny them..

68. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 and therefore deny them.

69. Defendants deny the allegations in Paragraph 69.

70. Paragraph 70 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 70.

71. Paragraph 71 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 71.

72. Paragraph 72 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 72.

73. Paragraph 73 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 73.

74. Paragraph 74 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 74.

75. Paragraph 75 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76. Paragraph 76 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 76.

77. Paragraph 77 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 77.

78. Paragraph 78 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 78.

79. Defendants admit the allegations in Paragraph 79.

80. Defendants admit the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants admit that one of Percepta's goals is to help customers perform comprehensive transformation with AI, including through providing strategic guidance and access to AI products. Defendants otherwise deny the allegations in Paragraph 83.

84. Defendants admit that Percepta seeks to understand how its customers operate to diagnose how AI can assist in its customers' workflows. Defendants otherwise deny the allegations in Paragraph 84.

85. Defendants admit that Percepta employs individuals as "Applied AI Engineers" and that those individuals, among other things, embed directly with customers. Defendants otherwise deny the allegations in Paragraph 85.

86. Defendants admit that Percepta works with customers in the healthcare, manufacturing supply chain, financial services, and government industries. Defendants otherwise deny the allegations in Paragraph 86.

87. Defendants admit that Percepta has customers in Europe. Defendants otherwise deny the allegations in Paragraph 87.

88. To the extent Paragraph 88 seeks to paraphrase or interpret a YouTube video, the video itself is the best source of the full content and context of the statements. Defendants otherwise deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Paragraph 90 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91. Paragraph 91 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 91, except to admit that Mr. Jain was aware that his employment agreement with Palantir included a non-solicitation provision.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants admit that Mr. Jain sent the text message reflected in the image pictured in Paragraph 93. Defendants otherwise deny the allegations in Paragraph 93.

94. Defendants admit that Mr. Jain asked Ms. Jain about her availability to get coffee through a text message on October 17, 2024. Defendants otherwise deny the allegations in Paragraph 94.

95. Defendants admit that Mr. Jain sent the text messages reflected in the image pictured in Paragraph 95. Defendants otherwise deny the allegations in Paragraph 95.

96. Defendants admit that Ms. Jain sent the text message reflected in the image pictured in Paragraph 96. Defendants otherwise deny the allegations in Paragraph 96.

97. Defendants admit that Mr. Jain and Ms. Jain met on November 4, 2024. Defendants otherwise deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

99. Defendants admit that Mr. Jain sent the text messages reflected in the image pictured in Paragraph 95. Defendants otherwise deny the allegations in Paragraph 99.

100. Defendants admit that Mr. Jain and Ms. Jain exchanged text messages on November 6, 2024. Defendants otherwise deny the allegations in Paragraph 100.

101. Defendants admit that Mr. Jain and Ms. Jain met and exchanged text messages on November 12, 2024. Defendants otherwise deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. To the extent that Paragraph 103 purports to quote or paraphrase Mr. Jain, the document in which the statement appeared, the source of which is not listed in Paragraph 103, is the best source for the content of the statement. Defendants otherwise deny the allegations in Paragraph 103.

104. Defendants admit that Mr. Jain and Ms. Jain sent the text messages reflected in the image pictured in Paragraph 104. Defendants otherwise deny the allegations in Paragraph 104.

105. Defendants admit that Mr. Jain and Ms. Jain sent the text messages reflected in the image pictured in Paragraph 105. Defendants otherwise deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107.

108. Defendants admit that Mr. Jain and Ms. Jain sent the text messages reflected in the image pictured in Paragraph 108. Defendants otherwise deny the allegations in Paragraph 108.

109. Defendants admit that Mr. Jain and Ms. Jain sent the text messages reflected in the image pictured in Paragraph 109. Defendants otherwise deny the allegations in Paragraph 109.

110. Defendants admit that Ms. Jain sent the text message reflected in the image pictured in Paragraph 110. Defendants otherwise deny the allegations in Paragraph 110.

111. Defendants admit that Mr. Jain and Ms. Jain sent the text messages reflected in the image pictured in Paragraph 111. Defendants otherwise deny the allegations in Paragraph 111.

112. Defendants admit that Mr. Jain and Ms. Jain sent the text messages reflected in the image pictured in Paragraph 112. Defendants otherwise deny the allegations in Paragraph 112.

113. Defendants admit that Mr. Jain and Ms. Jain sent the text messages reflected in the image pictured in Paragraph 113. Defendants otherwise deny the allegations in Paragraph 113.

114. Defendants deny the allegations in Paragraph 114.

115. Defendants admit that Ms. Jain sent the text messages reflected in the image pictured in Paragraph 115. Defendants otherwise deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants admit that Ms. Jain sent the text messages reflected in the image pictured in Paragraph 117. Defendants otherwise deny the allegations in Paragraph 117.

118. Defendants admit that Mr. Jain sent the text messages reflected in the image pictured in Paragraph 118. Defendants otherwise deny the allegations in Paragraph 118.

119. Defendants admit that Ms. Jain sent the text messages reflected in the image pictured in Paragraph 119. Defendants otherwise deny the allegations in Paragraph 119.

120. Defendants admit the allegations in Paragraph 120.

121. Defendants deny the allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

126. Defendants admit that Mr. Jain sent the text messages reflected in the image pictured in Paragraph 126. Defendants otherwise deny the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135.

136. Defendants deny the allegations in Paragraph 136.

137. Defendants admit that on November 27, 2024, Ms. Jain resigned from Palantir. Defendants otherwise deny the allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

139. Defendants admit that Ms. Jain did not sign a separation agreement. Defendants otherwise deny the allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140.

141. Defendants admit the allegations in Paragraph 141.

142. Defendants deny the allegations in Paragraph 142.

143. Defendants deny the allegations in Paragraph 143.

144. Defendants deny the allegations in Paragraph 144.

145. Defendants admit that on October 28, 2024, Mr. Jain sent an email to various individuals at General Catalyst, to which Hemant Taneja and Jeannette zu Furstenberg responded. Defendants otherwise deny the allegations in Paragraph 145.

146. Defendants deny the allegations in Paragraph 146.

147. Defendants deny the allegations in Paragraph 147.

148. Defendants admit that on November 18, 2024, Hirsh Jain sent an email to various individuals at General Catalyst. Defendants otherwise deny the allegations in Paragraph 148.

149. Defendants deny the allegations in Paragraph 149.

150. Defendants deny the allegations in Paragraph 150.

151. Defendants deny the allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152.

153. Defendants deny the allegations in Paragraph 153.

154. Defendants deny the allegations in Paragraph 154.

155. Defendants admit the allegations in Paragraph 155.

156. Defendants deny the allegations in Paragraph 156.

157. Defendants deny the allegations in Paragraph 157.

158. Defendants admit that Mr. Jain and Ms. Cohen sent the text messages reflected in the image pictured in Paragraph 158. Defendants otherwise deny the allegations in Paragraph 158.

159. Defendants deny the allegations in Paragraph 159.

160. Defendants deny the allegations in Paragraph 160.

161. Defendants deny the allegations in Paragraph 161.

162. Defendants admit the allegations in Paragraph 162.

163. Defendants admit that Mr. Jain and Ms. Jain sent the text messages reflected in the image pictured in Paragraph 163. Defendants otherwise deny the allegations in Paragraph 163.

164. Defendants admit that Mr. McLellan works at Percepta. Defendants otherwise deny the allegations in Paragraph 164.

165. Defendants admit the allegations in Paragraph 165.

166. Defendants state that they lack sufficient knowledge or information to form a belief regarding the truth of the allegations regarding the activities of "most departing employees" and therefore deny the allegation. Defendants otherwise deny the allegations in Paragraph 166.

167. Defendants admit that Ms. Cohen did not sign a separation agreement upon leaving Palantir. Defendants otherwise deny the allegations in Paragraph 167.

168. Defendants admit that Bryan McLellan resigned from Palantir on March 4, 2025, and further admit that Ms. Jain and Mr. McLellan sent the text messages reflected in the image pictured in Paragraph 168. Defendants otherwise deny the allegations in Paragraph 168.

169. Defendants admit that Ms. Cohen's last day of employment with Palantir was March 4, 2025. Defendants otherwise deny the allegations in Paragraph 169.

170. Defendants admit the allegations in Paragraph 170.

171. Defendants deny the allegations in Paragraph 171.

172. Defendants deny the allegations in Paragraph 172.

173. Paragraph 173 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 173.

174. Paragraph 174 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 174.

175. Defendants admit that Ms. Jain posted the message quoted in Paragraph 175 on LinkedIn. Defendants otherwise deny the allegations in Paragraph 175.

176. Defendants admit that Ms. Cohen updated her LinkedIn profile on October 2, 2025, to reflect that she had been working as an Applied AI Engineer for Percepta since March 2025. Defendants otherwise deny the allegations in Paragraph 176.

177. Defendants deny the allegations in Paragraph 177.

178. Defendants admit that Paragraph 178 accurately quotes an excerpt of an October 2, 2025 press release by General Catalyst. Defendants otherwise deny the allegations in Paragraph 178.

179. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 179 and therefore deny them.

180. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 180 and therefore deny them.

181. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 181 and therefore deny them.

182. Defendants deny the allegations in Paragraph 182.

183. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 183 and therefore denies them.

184. Defendants deny the allegations in Paragraph 184.

185. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 185 concerning Palantir's investigation and therefore deny them. Defendants otherwise deny all remaining allegations in Paragraph 185.

186. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 186 concerning Palantir's investigation and therefore deny them. Defendants otherwise deny all remaining allegations in Paragraph 186.

187. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 187 concerning Palantir's investigation and therefore deny them. Defendants otherwise deny the allegations in Paragraph 187.

188. Defendants deny the allegations in Paragraph 188.

189. Defendants deny the allegations in Paragraph 189.

190. Defendants deny the allegations in Paragraph 190.

191. Paragraph 191 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 191.

192. Defendants state that they lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 192 and therefore deny them.

**FIRST CAUSE OF ACTION**
**(Breach of Contract – Violation of Non-Competition Obligations)**
**Against Radha Jain and Joanna Cohen**

193. Defendants incorporate by reference all of their averments in the preceding and ensuing paragraphs as if fully set forth herein.

194. Paragraph 194 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 194.

195. Paragraph 195 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 195.

196. Paragraph 196 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197. Paragraph 197 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 197.

**SECOND CAUSE OF ACTION**
**(Breach of Contract – Violation of Employee Non-Solicitation Obligations)**
**Against Hirsh Jain and Radha Jain**

198. Defendants incorporate by reference all of their averments in the preceding and ensuing paragraphs as if fully set forth herein.

199. Paragraph 199 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200. Paragraph 200 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 200.

201. Paragraph 201 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 201.

202. Paragraph 202 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 202.

**<u>THIRD CAUSE OF ACTION</u>**
**<u>(Tortious Interference with Contract)</u>**
**Against Hirsh Jain**

203. Defendants incorporate by reference all of their averments in the preceding and ensuing paragraphs as if fully set forth herein.

204. Paragraph 204 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 204.

205. Paragraph 205 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 205.

206. Paragraph 206 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 206.

207. Paragraph 207 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 207.

208. Paragraph 208 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 208.

209. Paragraph 209 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 209.

210. Paragraph 210 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 210.

211. Paragraph 211 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 211.

212. Paragraph 212 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 212.

213. Paragraph 213 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 213.

214. Paragraph 214 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 214.

215. Paragraph 215 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 215.

216. Paragraph 216 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 216.

**FOURTH CAUSE OF ACTION**
**(Breach of Contract – Violation of Customer Non-Solicitation Obligations)**
**Against Joanna Cohen**

217. Defendants incorporate by reference all of their averments in the preceding and ensuing paragraphs as if fully set forth herein.

218. Paragraph 218 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 218.

219. Paragraph 219 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 219.

220. Paragraph 220 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 220.

221. Paragraph 221 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 221.

**FIFTH CAUSE OF ACTION**
**(Breach of Contract – Violation of Confidentiality Obligations)**
**Against Joanna Cohen**

222. Defendants incorporate by reference all of their averments in the preceding and ensuing paragraphs as if fully set forth herein.

223. Paragraph 223 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 223.

224. Paragraph 224 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 224.

225. Paragraph 225 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 225.

226. Paragraph 226 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 226.

227. Paragraph 227 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 227.

## SIXTH CAUSE OF ACTION
## (Breach of Contract – Violation of Return of Property Obligations)
## Against Joanna Cohen

228. Defendants incorporate by reference all of their averments in the preceding and ensuing paragraphs as if fully set forth herein.

229. Paragraph 229 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 229.

230. Paragraph 230 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 230.

231. Paragraph 231 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 231.

232. Paragraph 232 contains characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 232.

## AFFIRMATIVE DEFENSES

Defendants set forth their affirmative defenses without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Palantir. Moreover, nothing stated herein is intended or should be construed as an admission that any particular issue or subject matter is relevant to the allegations in the Amended Complaint. Defendants reserve the right to amend or supplement their affirmative defenses as additional facts concerning defenses become known.

As separate and distinct affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Palantir's claims are subject to binding arbitration under the parties' employment agreements, and this matter should be dismissed or stayed pending arbitration.

### SECOND AFFIRMATIVE DEFENSE

Palantir's First Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

Palantir's claims that Ms. Jain and Ms. Cohen breached their contractual non-competition obligations fail as a matter of law because Section 6.3 of their PIIAs is unenforceable as facially vague and overbroad.

**FOURTH AFFIRMATIVE DEFENSE**

Palantir's claims that Ms. Jain and Ms. Cohen breached their contractual non-competition obligations fail as a matter of law because Section 6.3 of the PIIAs is unenforceable as it imposes undue hardship on Ms. Jain and Ms. Cohen.

**FIFTH AFFIRMATIVE DEFENSE**

Palantir's claims that Mr. Jain and Ms. Jain breached their contractual employee non-solicitation obligations fail as a matter of law because the PIIAs' employee non-solicitation provisions are unenforceably overbroad.

**SIXTH AFFIRMATIVE DEFENSE**

Palantir's claims that Ms. Cohen breached her contractual customer non-solicitation obligations fail as a matter of law because the PIIAs' customer non-solicitation provisions are unenforceably overbroad.

**SEVENTH AFFIRMATIVE DEFENSE**

Palantir's claims that Ms. Cohen breached her contractual confidentiality and return-of-property obligations are moot and should be dismissed.

**EIGHTH AFFIRMATIVE DEFENSE**

Palantir's request for "extracontractual" equitable relief should be denied as contrary to public policy.

**NINTH AFFIRMATIVE DEFENSE**

Palantir's request for permanent injunctive relief should be denied because the balance of the equities weighs in favor of Defendants.

**TENTH AFFIRMATIVE DEFENSE**

Palantir's request for permanent injunctive relief should be denied because an injunction would be contrary to the public interest.

**ELEVENTH AFFIRMATIVE DEFENSE**

Palantir's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, ratification and/or consent.

**TWELFTH AFFIRMATIVE DEFENSE**

Palantir is not entitled to injunctive relief because any alleged injury to it is not immediate or irreparable, and Palantir has an adequate remedy at law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Palantir has unclean hands for reasons including that Palantir brought this lawsuit to disrupt the careers of Mr. Jain, Ms. Jain, and Ms. Cohen and cast a cloud over their legitimate business activities.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully requests that this Court:

1. Enter judgment against Plaintiff and in favor of Defendants;
2. Dismiss the Amended Complaint in its entirety;
3. Decline to award Plaintiff's requested relief;
4. Award Defendants their costs and reasonable attorneys' fees incurred in this action;
5. Grant such other and further relief as the Court may deem just and proper.

Dated: March 20, 2026

LATHAM & WATKINS LLP

By: ______________________

Steven N. Feldman
Sarah Burack
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1747
Facsimile: (212) 751-4864
steve.feldman@lw.com
sarah.burack@lw.com

Marja-Liisa Overbeck (*pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
mari.overbeck@lw.com

Jordan Hughes (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, NW Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
jordan.hughes@lw.com

*Attorneys for Hirsh Jain, Radha Jain, and Joanna Cohen*