**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| PALANTIR TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> HIRSH JAIN, RADHA JAIN, and JOANNA COHEN, <br><br> Defendants. | Case No. 1:25-cv-08985-JPO <br><br> Hon. J. Paul Oetken <br><br> **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY**
**THIS ACTION AND COMPEL ARBITRATION**

**LATHAM & WATKINS LLP**

1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1747
Facsimile: (212) 751-4864

505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

555 Eleventh Street, NW Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

*Attorneys for Hirsh Jain, Radha Jain,*
*and Joanna Cohen*

**CONTENTS**

**Page**

I.      PRELIMINARY STATEMENT ........................................................................................1

II.     BACKGROUND ........................................................................................................2

      A.      The Parties ........................................................................................................2

      B.      The Parties' Agreements.....................................................................................2

      C.      This Dispute ......................................................................................................4

III.    LEGAL STANDARD................................................................................................5

IV.     ARGUMENT...............................................................................................................6

      A.      The Parties Agreed to Arbitrate. ......................................................................6

      B.      Palantir's Claims Are Arbitrable. ....................................................................7

      C.      This Matter Must Be Stayed Pending Arbitration. .........................................10

V.      CONCLUSION........................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Arciniaga v. Gen. Motors Corp.*,
  460 F.3d 231 (2d Cir. 2006)................................................................................1, 6, 7

*Baldwin Tech. Co. v. Printers' Serv., Inc.*,
  2016 WL 354914 (S.D.N.Y. Jan. 27, 2016) ..........................................................1, 9

*Coffer v. Serv. Asset Mgmt. Co.*,
  2003 WL 22493425 (S.D.N.Y. Nov. 4, 2003)...........................................................8

*CompuCredit Corp. v. Greenwood*,
  565 U.S. 95 (2012)....................................................................................................9

*Davitashvili v. Grubhub Inc.*,
  131 F.4th 109 (2d Cir. 2025) ....................................................................................6

*DXP Enters., Inc. v. Goulds Pumps, Inc.*,
  2014 WL 5682465 (S.D. Tex. Nov. 4, 2014) ...........................................................9

*Erving v. Va. Squires Basketball Club*,
  468 F.2d 1064 (2d Cir. 1972)....................................................................................8

*Gilbert v. Indeed, Inc.*,
  513 F. Supp. 3d 374 (S.D.N.Y. 2021).......................................................................7

*Hi Pockets, Inc. v. Music Conservatory of Westchester, Inc.*,
  192 F. Supp. 2d 143 (S.D.N.Y. 2002).......................................................................9

*Hu v. Barclays Cap. Inc.*,
  2025 WL 1307700 (S.D.N.Y. May 6, 2025) .........................................................1, 7

*Martinez v. GAB.K, LLC*,
  741 F. Supp. 3d 26 (S.D.N.Y. 2024).........................................................................7

*Meyer v. Uber Techs., Inc.*,
  868 F.3d 66 (2d Cir. 2017).........................................................................................6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983)....................................................................................................6, 8

*Napster, LLC v. Rounder Recs. Corp.*,
  761 F. Supp. 2d 200 (S.D.N.Y. 2011).......................................................................9

*Norcom Elecs. Corp. v. CIM USA Inc.*,
   104 F. Supp. 2d 198 (S.D.N.Y. 2000) ................................................................8

*Remy Amerique, Inc. v. Touzet Distrib., S.A.R.L.*,
   816 F. Supp. 213 (S.D.N.Y. 1993) .....................................................................9

*Schnabel v. Trilegiant Corp.*,
   697 F.3d 110 (2d Cir. 2012) ...............................................................................6

*Smith v. Spizzirri*,
   601 U.S. 472 (2024) ..........................................................................................10

*Subaru Distrib. Corp. v. Subaru of Am., Inc.*,
   2002 WL 413808 (S.D.N.Y. Mar. 18, 2002) .....................................................9

*Thomas James Assocs. v. Jameson*,
   102 F.3d 60 (2d Cir. 1996) .................................................................................8

*WMT Invs., LLC v. Visionwall Corp.*,
   2010 WL 2720607 (S.D.N.Y. June 28, 2010) ..................................................10

## STATUTES

9 U.S.C.
   § 1 *et seq.* ...........................................................................................................1
   § 2 ................................................................................................................4, 6, 7
   § 3 .....................................................................................................................10
   § 4 .......................................................................................................................5

Defendants Hirsh Jain, Radha Jain, and Joanna Cohen respectfully submit this memorandum of law in support of their motion to stay this action and compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*

## I.    PRELIMINARY STATEMENT[1]

Plaintiff Palantir Technologies, Inc. ("Palantir") filed this action against three former employees—Hirsh, Radha, and Joanna—alleging violations of their employment agreements. After seeking broad preliminary injunctive relief that was largely denied, Palantir must now pursue its claims in arbitration. Indeed, as Palantir has expressly acknowledged, the relevant employment agreements "contain broad arbitration provisions requiring arbitration before JAMS of 'any and all . . . claims . . . relating to . . . any breach of th[e parties' employment] Agreement[s].'" Dkt. 95 at 1 (quoting Dkts. 33-1, 33-2, 33-3 (Arb. Agmt. § 1.A)). Although the agreements also contain a separate provision preserving each party's right to seek injunctive relief in court to preserve the status quo pending arbitration, the availability of interim injunctive relief does not displace the parties' agreement to arbitrate the underlying breach-of-contract and tort claims. *See* Dkt. 33 (Am. Compl.); Arb. Agmt. §§ 1.A, 1.D; *Baldwin Tech. Co. v. Printers' Serv., Inc.*, 2016 WL 354914, at *3 n.4 (S.D.N.Y. Jan. 27, 2016) (citation omitted). Rather, the agreements reflect a straightforward structure: "any and all claims" must proceed to arbitration, with an equitable backstop allowing a court to preserve the status quo in the meantime. *Id.* "Having made the bargain to arbitrate, [Palantir] should be held to it." *Hu v. Barclays Cap. Inc.*, 2025 WL 1307700, at *1 (S.D.N.Y. May 6, 2025) (Oetken, J.) (quoting *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 235 (2d Cir. 2006)).

Accordingly, this Court should stay this action and compel Palantir to arbitrate as it agreed.

---

[1] Unless otherwise noted, emphases are added and internal citations and quotations are omitted.

## II.    BACKGROUND

### A.    The Parties

Palantir is a software development company that focuses on "build[ing] software that empowers organizations to effectively integrate their data, decisions and operations at scale." Dkt. 61-3 at 4–5 (Ex. 202, Palantir 2024 Form 10-K). It is a Delaware corporation that maintains offices throughout the United States, including one in New York, New York. Ex. 202 at 1; Am. Compl. ¶ 44; Dkt. 97 (Ans. ¶ 44).

Hirsh, Radha, and Joanna are all former Palantir employees who worked in the company's New York office. Am. Compl. ¶ 44; Ans. ¶ 44. Hirsh joined Palantir after graduating from Harvard University in 2017. Dkt. 67 (H. Jain Decl. ¶¶ 2–3). He resigned in August 2024 to join a then-unnamed artificial intelligence transformation start-up created by the venture capital firm, General Catalyst. *Id.* ¶¶ 10-15. That start-up would eventually become Percepta AI ("Percepta"). *Id.* ¶ 21.

Radha joined Palantir in January 2020, after graduating from Stanford University in 2019. Dkt. 65 (R. Jain Decl. ¶¶ 2–4). She resigned in December 2024 to join Hirsh at Percepta. *Id.* ¶ 28.

Joanna joined Palantir in August 2020 after her graduation from MIT. Dkt. 69 (J. Cohen Decl. ¶¶ 2–3). She later resigned in March 2025 to join Percepta. *Id.* ¶¶ 14–15, 25–26.

### B.    The Parties' Agreements

Hirsh, Radha, and Joanna all signed employment agreements prepared by Palantir before joining the company. Dkts. 33-1, 33-2, 33-3 (Empl. Agmts.). These agreements included, as relevant here, (1) Proprietary Information and Inventions Agreements (the "PIIA"), which contain various broad restrictive covenants that purport to limit employees' activities for twelve to twenty-four months after they leave Palantir, as well as (2) an Arbitration Agreement, which directs virtually any dispute between Palantir and its employees to binding arbitration. Empl. Agmts.

2

The Arbitration Agreement, which is identical across Hirsh, Radha, and Joanna's respective agreements, reads:

> A. *Arbitration.*  In consideration of my employment with [Palantir], its promise to arbitrate all employment-related disputes, and my receipt of the compensation, pay raises, and other benefits paid to me by [Palantir], at present and in the future, I agree that any and all controversies, claims, or disputes with anyone (including [Palantir] and any employee, officer, director, shareholder, or benefit plan of [Palantir], in their capacity as such or otherwise), arising out of, relating to, or resulting from my employment with [Palantir]or the termination of my employment with [Palantir], including any breach of this Agreement, shall be subject to binding arbitration under the arbitration rules set forth in the New York Civil Practice Law and Rules, Article 75, Section 7501 through 7514 (the "Rules"), and pursuant to New York law, and shall be brought in my individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding.  The Federal Arbitration Act shall continue to apply with full force and effect notwithstanding the application of procedural rules set forth in the Rules.  **Disputes that I agree to arbitrate, and thereby agree to waive any right to a trial by jury, include any statutory claims under local, state, or federal law, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, the Americans With Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act, the Sarbanes-Oxley Act, the Worker Adjustment and Retraining Notification Act, the Fair Credit Reporting Act, the Family and Medical Leave Act, the Employee Retirement Income Security Act of 1974, the New York State Human Rights Law, the New York City Human Rights Law (if applicable), the New York Labor Code, the New York Workers' Compensation Law, claims of harassment, discrimination, and wrongful termination, and any statutory or common law claims.  Notwithstanding the foregoing, I understand that nothing in this Agreement constitutes a waiver of my rights under Section 7 of the National Labor Relations Act.**  I further understand that this agreement to arbitrate also applies to any disputes that [Palantir] may have with me.

Arb. Agmt. § 1.A (emphasis in original).[2]  The Arbitration Agreement further provides that any arbitration "will be administered by Judicial Arbitration & Mediation Services, Inc. ('JAMS'),

---

[2] The Arbitration Agreement defines "this Agreement" as "this Palantir Arbitration Agreement," but clarifies elsewhere that the "[Arbitration] Agreement, the [PIIA] between me and the Company, and any executed written offer letter between me and the Company, to the extent such materials are not in conflict with this Agreement, sets forth the entire agreement and understanding between the Company and me with respect to the subject matter herein."  Arb. Agmt., intro.  In a recent letter to the Court, Palantir confirmed its understanding that the Arbitration Agreement's language "any and all . . . claims . . . relating to . . . any breach of **this Agreement**" also includes

3

pursuant to its Employment Arbitration Rules & Procedures (the 'JAMS Rules')."  Arb. Agmt.

§ 1.B.  It also states that it "will be governed by the laws of the State of New York without regard

to New York's conflicts of law rules that may result in the application of the laws of any

jurisdiction other than New York."  Arb. Agmt. § 2.

The Arbitration Agreement also contains a provision preserving the parties' right to seek

injunctive relief.  That provision reads as follows:

> D. *Availability of Injunctive Relief*.  In addition to the right under the Rules to petition the court for provisional relief, I agree that any party may also petition the court for injunctive relief where either party alleges or claims a violation of this Agreement, the Proprietary Information and Invention Assignment Agreement between me and the Company, my employment Offer Letter with the Company, or any other agreement regarding trade secrets, confidential information, noncompetition, or nonsolicitation, if applicable.  I understand that any breach or threatened breach of such an agreement will cause irreparable injury and that money damages will not provide an adequate remedy therefor and both parties hereby consent to the issuance of an injunction.

Arb. Agmt. § 1.D.

### C.    This Dispute

On October 30, 2025, Palantir filed its initial complaint against Radha and Joanna,

asserting various breach of contract claims premised on alleged violations of their PIIAs.  Dkt. 1.

Palantir simultaneously sought a temporary restraining order and expedited discovery, Dkt. 6, to

which Radha and Joanna stipulated, Dkt. 22.  The parties also stipulated that the deadline to

respond to the complaint would be stayed until thirty days after the Court's resolution of Palantir's

then-forthcoming motion for a preliminary injunction.  Dkt. 22 ¶ 9.

After expedited discovery, Palantir amended its complaint to add Hirsh as a defendant and

to assert additional claims.  Am. Compl. ¶¶ 1–232.  Palantir's amended complaint alleges that (1)

---

alleged breaches of other parts of the parties' employment agreements—such as the PIIAs and executed written offer letters.  *See* Dkt. 95 at 1 (quoting Arb. Agmt. § 1.A).

4

Radha and Joanna breached their non-competition obligations in their PIIAs; (2) Hirsh and Radha breached their employee non-solicitation obligations in their PIIAs; (3) Hirsh tortiously interfered with Palantir and Radha's employment agreement; (4) Joanna breached her customer non-solicitation obligations in her PIIA; (5) Joanna breached her confidentiality obligations in her PIIA; and (6) Joanna breached her return-of-property obligations in her PIIA. Am. Compl. ¶¶ 193–232. Palantir subsequently filed its preliminary injunction motion, Dkt. 38, which Hirsh, Radha, and Joanna opposed, Dkt. 71. After the January 27, 2026 hearing, the Court issued its opinion and order granting the motion in part and denying it in part on February 18, 2026. Dkt. 90.

Despite its inclusion of the Arbitration Agreement in the employment agreements that it required Hirsh, Radha, and Joanna to sign, Palantir has yet to file an arbitration demand with JAMS seeking resolution of the merits of its claims.

Hirsh, Radha, and Joanna have not moved to dismiss or otherwise sought the Court's final resolution of the claims in Palantir's amended complaint, nor have they participated in discovery beyond the expedited discovery that the Court ordered to facilitate the preliminary injunction proceedings.[3] They have preserved their right to arbitrate throughout, including by asserting arbitration as an affirmative defense in their Answer. Dkt. 97.

## III.    LEGAL STANDARD

Under Section 4 of the FAA, a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

---

[3] Indeed, in view of the parties' agreements to arbitrate any and all disputes, Hirsh, Radha, and Joanna have been careful to reserve their rights, and accordingly requested that the parties delay any Rule 26(f) conference until after their responsive pleading deadline.

Under "a standard similar to that applicable for a motion for summary judgment," *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (citation omitted), "[t]he threshold question facing any court considering a motion to compel arbitration is . . . whether the parties have indeed agreed to arbitrate," *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012).  If so, the next inquiry is arbitrability, wherein the court asks "whether the issues are within the scope of the arbitration agreement and if the agreement is enforceable."  *Davitashvili v. Grubhub Inc.*, 131 F.4th 109, 117 (2d Cir. 2025).

The FAA provides that an agreement to arbitrate is presumed "valid, irrevocable, and enforceable."  *Arciniaga*, 460 F.3d at 235 (quoting 9 U.S.C. § 2).  The party resisting arbitration bears the burden of proving that the arbitration agreement is invalid or does not encompass the claims at issue.  *See id.*  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

## IV.   ARGUMENT

Palantir must arbitrate its claims.  As Palantir has readily acknowledged, the parties agreed to "broad arbitration provisions requiring arbitration before JAMS of 'any and all . . . claims . . . relating to . . . any breach of th[e parties' employment] Agreement[s].'"  Dkt. 95 at 1 (quoting Arb. Agmt. § 1.A).  Now that Palantir's preliminary injunction application has been resolved, Hirsh, Radha, and Joanna timely seek to enforce their contractual right to arbitration.

### A.   The Parties Agreed to Arbitrate.

There is no dispute that the parties agreed to arbitrate "any and all . . . claims . . . relating to . . . any breach of th[e parties' employment] Agreement[s]," Dkt. 95 at 1 (quoting Arb. Agmt.

§ 1.A)—nor could there be.[4]    When an employer prepares an arbitration agreement and an employee signs it, the employee "accepts the employer's offer to hire the employee in exchange for the employee's promise to arbitrate."    *Martinez v. GAB.K, LLC*, 741 F. Supp. 3d 26, 33 (S.D.N.Y. 2024) (alterations omitted).    Palantir drafted the employment agreements that Hirsh, Radha, and Joanna signed, Empl. Agmts., and Palantir has relied—and continues to rely—on those agreements here, *e.g.*, Dkt. 95.    The parties thus formed an agreement to arbitrate, which the FAA instructs is presumed valid, irrevocable, and enforceable.    *Arciniaga*, 460 F.3d at 235; 9 U.S.C. § 2.

### B.    Palantir's Claims Are Arbitrable.

Palantir's claims are within the scope of the parties' Arbitration Agreements and must be arbitrated.[5]    The parties agreed that:

> **any and all controversies, claims, or disputes** . . . arising out of, relating to, or resulting from [Hirsh's, Radha's, or Joanna's] employment with [Palantir] or the termination of [their] employment with [Palantir], **including any breach of th[e parties' employment] Agreement[s]**, shall be subject to binding arbitration . . . includ[ing] . . . **any** statutory or **common law claims**.

Arb. Agmt. § 1.A.    Additionally, the Arbitration Agreements underscore that they "also appl[y] to any disputes that [Palantir] may have with [Hirsh, Radha, or Joanna]."    Arb. Agmt. § 1.A.    The provisions thus explicitly cover both Palantir's various breach of contract claims ("any breach of

---

[4] The parties agreed that the Arbitration Agreements would be governed by New York law, Arb. Agmt. § 2, and given that (1) Hirsh, Radha, and Joanna live in New York; (2) Palantir operates there; and (3) the subject matter of the agreements was the trio's employment (primarily) in New York, New York law controls under New York choice-of-law rules, *see Hu*, 2025 WL 1307700, at *2.

[5] As explained herein, Palantir's claims are arbitrable, but to the extent there is any dispute as to their arbitrability, that question should also be delegated to the arbitrator.    *E.g.*, *Gilbert v. Indeed, Inc.*, 513 F. Supp. 3d 374, 410 (S.D.N.Y. 2021) (holding that where, as here, an "arbitration clause explicitly incorporates the rules under Judicial Arbitration and Mediation Services, Inc. ('JAMS')," the arbitrator must "determine whether the claims are properly within the scope of the arbitration clause").

th[e parties' employment] Agreement[s]") and its tortious interference claim against Hirsh ("any

. . . common law claims"). Arb. Agmt. § 1.A.  Courts in this District have previously held as much.

*E.g.*, *Coffer v. Serv. Asset Mgmt. Co.*, 2003 WL 22493425, at *3 (S.D.N.Y. Nov. 4, 2003)

(compelling arbitration of breach of contract and tortious interference claims under similar contract

terms); *Norcom Elecs. Corp. v. CIM USA Inc.*, 104 F. Supp. 2d 198, 206 (S.D.N.Y. 2000) (same).

The Arbitration Agreements also explicitly memorialize that the FAA "continue[s] to apply

with full force and effect." Arb. Agmt. § 1.A.  Therefore, even if there were any lingering question

as to the "scope of arbitrable issues" here, that question would have to be "resolved in favor of

arbitration."  *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24–25.  Indeed, arbitration must be

compelled "unless it may be said with positive assurance that the arbitration clause is not

susceptible of an interpretation that covers the asserted dispute."  *Thomas James Assocs. v.

Jameson*, 102 F.3d 60, 65 (2d Cir. 1996).  Because the Arbitration Agreements squarely cover

Palantir's claims, the Court must compel the claims to arbitration.

To meet its burden to show the contrary, Palantir may argue that its claims need not be

arbitrated because the company seeks only injunctive relief, relying on a separate provision of the

agreements.  That reading is wrong.  Section 1.D of the Arbitration Agreements provides that the

parties may still "petition the court for injunctive relief where either party alleges or claims a

violation of th[e parties' employment] Agreement[s]."  Arb. Agmt. § 1.D.  But that provision

merely "declar[es] existing legal rights," allowing a party "to preserve the status quo during the

pendency of the arbitration." *Erving v. Va. Squires Basketball Club*, 468 F.2d 1064, 1067 (2d Cir.

1972).  Put differently, where, as here, "a contract has both a broad arbitration clause and a clause

permitting the parties to seek injunctive relief before a court, courts in this District have construed

the latter clauses as permitting the parties to seek injunctive relief in aid of arbitration, rather than

. . . transforming arbitrable claims into nonarbitrable ones." *Baldwin*, 2016 WL 354914, at \*3 n.4 (quoting *Remy Amerique, Inc. v. Touzet Distrib., S.A.R.L.*, 816 F. Supp. 213, 218 (S.D.N.Y. 1993)).

Any other outcome would render the arbitration clause meaningless: in resolving Palantir's request for permanent injunction, the Court would have to rule on the actual merits of Palantir's claims, allowing Palantir to bypass arbitration entirely and litigate a claim—and potentially give rise to a demand for attorneys' fees—through careful drafting of its prayer for relief.[6]  *See DXP Enters., Inc. v. Goulds Pumps, Inc.*, 2014 WL 5682465, at \*7 (S.D. Tex. Nov. 4, 2014) (holding that claim for permanent injunctive relief was arbitrable where granting such relief "would require th[e] court to examine and decide the merits of the dispute subject to a valid arbitration clause," thereby depriving the opposing party of its contractual right to have an arbitrator decide the merits); *see also Subaru Distrib. Corp. v. Subaru of Am., Inc.*, 2002 WL 413808, at \*30 (S.D.N.Y. Mar. 18, 2002) ("[A] permanent injunction" is "[a]n injunction issued after a court has already decided a claim on the merits."); *Hi Pockets, Inc. v. Music Conservatory of Westchester, Inc.*, 192 F. Supp. 2d 143, 154 (S.D.N.Y. 2002) ("[T]he permanent injunction, decision and order . . . is a final determination that has preclusive effect.").

Of course, that's not how courts interpret contracts.  *E.g.*, *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (the FAA "requires courts to enforce agreements to arbitrate according to their terms."); *Napster, LLC v. Rounder Recs. Corp.*, 761 F. Supp. 2d 200, 206 (S.D.N.Y. 2011) ("[A] contract should not be interpreted so as to render a clause superfluous or

---

[6] As Palantir no doubt well knows, the Arbitration Agreement provides that "the parties to the arbitration. . . shall separately pay for [their] respective attorneys' fees and costs."  Arb. Agmt. § 1.B.  In contrast, the PIIAs require Hirsh, Radha, and Joanna to "indemnify [Palantir] from any and all costs, fees, or expenses incurred by the Company (including, but not limited to, attorneys' fees) in successfully enforcing the terms of this Agreement . . . ."  Dkt. 33-1 (H. Jain PIIA § 10); Dkt. 33-2 (R. Jain PIIA § 9); Dkt. 33-3 (J. Cohen PIIA § 9).

meaningless."). Accordingly, Palantir "may seek a preliminary injunction in this Court (which it has . . . done) and also seek a permanent injunction from this Court if [it] prevails in the arbitration (which has not occurred)." *WMT Invs., LLC v. Visionwall Corp.*, 2010 WL 2720607, at *4 (S.D.N.Y. June 28, 2010).

### C.     This Matter Must Be Stayed Pending Arbitration.

"When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024); 9 U.S.C. § 3. As explained above, *supra* Section IV.A–B, the parties agreed to arbitrate any and all claims; Palantir's claims are subject to that agreement; and Hirsh, Radha, and Joanna have timely sought a stay to pursue arbitration. Accordingly, a stay must issue.[7]

## V.     CONCLUSION

For the above reasons, Hirsh, Radha, and Joanna respectfully request that the Court enter an order staying this action and compelling Palantir to arbitrate its claims.

Dated: March 20, 2026                                            LATHAM & WATKINS LLP

By: _____

Steven N. Feldman
Sarah Burack
Latham & Watkins LLP
1271 Avenue of the Americas

---

[7] Undersigned counsel has been meeting and conferring with counsel for Palantir in connection with the Court's order that the parties "determine a method of identifying, returning, and deleting or sequestering all confidential Palantir information within Cohen's possession." Dkt. 90 at 40. Ms. Cohen will of course comply with the Court's order to the extent necessary to secure Palantir's preliminary injunctive relief. However, to the extent Palantir seeks to use this process as a vehicle for discovery in support of its underlying claims, such efforts should be stayed.

New York, NY 10020
Telephone: (212) 906-1747
Facsimile: (212) 751-4864
steve.feldman@lw.com
sarah.burack@lw.com

Marja-Liisa Overbeck (*pro hac vice*)
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
mari.overbeck@lw.com

Jordan Hughes (*pro hac vice*)
Latham & Watkins LLP
555 Eleventh Street, NW Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
jordan.hughes@lw.com

*Attorneys for Hirsh Jain, Radha Jain,*
 *and Joanna Cohen*

11

**WORD COUNT CERTIFICATION**

I, Steven N. Feldman, an attorney duly admitted to practice law before this Court, hereby certify that this memorandum of law complies with the word limit set forth in Local Civil Rule 7.1 because it contains no more than 3,442 words, excluding the caption, table of contents, table of authorities, signature blocks, and certificates. In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

Dated: March 20, 2026                                    By: _____
                                                             Steven N. Feldman

12