UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PALANTIR TECHNOLOGIES, INC.,
                                    Plaintiff,

                    -v-

RADHA JAIN, *et al.*,
                                    Defendants.

25-CV-8985 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Before the Court is a motion to compel arbitration filed by Defendants Hirsh Jain, Radha Jain, and Joanna Cohen. Plaintiff Palantir Technologies, Inc. ("Palantir") opposes. For the reasons that follow, the Court grants the motion to compel arbitration.

## I.    Background

The Court assumes familiarity with the background facts of this case, which were recounted at length in the Court's prior Opinion and Order granting in part and denying in part Palantir's motion for preliminary injunction. *Palantir Techs., Inc. v. Jain*, No. 25-CV-8985, 2026 WL 622007 (S.D.N.Y. Mar. 5, 2026). The following facts are drawn from the parties' submissions and are not in dispute.

Palantir is a global software company offering products and services that, among other things, enable its customers to integrate artificial intelligence ("AI") directly into their business operations. (ECF No. 9 ¶¶ 2, 6.) Defendants are previous Palantir employees who worked in the company's New York office. (ECF No. 33 ("FAC") ¶ 44.) Before joining Palantir, Defendants all signed employment agreements. Each agreement included the Proprietary Information and Inventions Agreement (the "PIIA") and the Arbitration Agreement. (*See* ECF No. 33-1; ECF No. 33-2; ECF No. 33-3.) The PIIAs limited Defendants' post-termination conduct in various

1

ways, including, among other things, their ability to compete with Palantir, solicit Palantir's employees and customers, and use or disclose Palantir's confidential information. *See Palantir Techs.*, 2026 WL 622007, at *2-3.

The Defendants also signed identical Arbitration Agreements. (*See* ECF No. 33-1 at 9-11 ("Hirsh Jain Arb. Agmt."); ECF No. 33-2 at 9-11 ("Radha Jain Arb. Agmt."); ECF No. 33-3 at 9-12 ("Cohen Arb. Agmt.").[1]) Section 1.A of the Arbitration Agreement provides that "any and all controversies, claims, or disputes with anyone (including the Company . . .), arising out of, relating to, or resulting from my employment with the Company or the termination of my employment with the Company, including any breach of this Agreement, shall be subject to binding arbitration under the arbitration rules set forth in the New York Civil Practice Law and Rules, Article 75, Section 7501 through 7514 (the 'Rules'), and pursuant to New York law." (Hirsh Jain Arb. Agmt. § 1.A.) Section 1.A further provides that the FAA applies notwithstanding the application of Article 75 of the New York Civil Practice Law and Rules (the "CPLR") and that "this agreement to arbitrate also applies to any disputes that the Company may have with me." (*Id.*)

Section 1.C of the Arbitration Agreement indicates that, "[e]xcept as provided by the Rules and this Agreement, arbitration shall be the sole, exclusive, and final remedy for any dispute between me and the Company. Accordingly, except as provided for by the Rules and this Agreement, neither I nor the Company will be permitted to pursue court action regarding claims that are subject to arbitration." (*Id.* § 1.C.)

Section 1.D provides the following exception:

---

[1] Because the Arbitration Agreements are identical, and for the sake of brevity, the Court will cite only to Hirsh Jain's Arbitration Agreement.

> In addition to the right under the Rules to petition the court for provisional relief, I agree that any party may also petition the court for injunctive relief where either party alleges or claims a violation of this Agreement, the [PIIA] between me and the Company, my employment Offer Letter with the Company, or any other agreement regarding trade secrets, confidential information, noncompetition, or nonsolicitation, if applicable.  I understand that any breach or threatened breach of such an agreement will cause irreparable injury and that money damages will not provide an adequate remedy therefor and both parties hereby consent to the issuance of an injunction.

(*Id.* § 1.D.)

After leaving Palantir, Defendants began working for Percepta, a nascent company that provides customer organizations with AI solutions.  *Palantir Techs.*, 2026 WL 622007, at *3-5.

### A.    Procedural Background

Palantir commenced this case against Radha Jain and Cohen on October 30, 2025 and sought emergency relief, arguing that Radha Jain and Cohen violated various provisions of their PIIAs in leaving Palantir to work for Percepta.  (ECF No. 1; ECF No. 6.)  On December 11, 2025, Palantir filed an amended complaint that added Hirsh Jain as a defendant.  (FAC.)  In support of its motion for a preliminary injunction, Palantir argued that Radha Jain and Cohen violated the non-compete provisions in their PIIAs, that Hirsh Jain and Radha Jain violated the employee non-solicitation provisions of their PIIAs, and that Cohen violated the customer non-solicitation provision and confidentiality provision of her PIIA.  (*See generally* ECF No. 43.)  Palantir also argued that Hirsh Jain tortiously interfered with Radha Jain's PIIA.  (*Id.* at 37-38.)

On February 18, 2026, the Court granted in part and denied in part Palantir's motion for preliminary injunction (the "PI Opinion").  (ECF No. 90.)  An unredacted version of that opinion was published on March 5, 2026.  *See Palantir Techs.*, 2026 WL 622007.  The Court concluded that Palantir was unlikely to succeed on its claims that Radha Jain and Cohen violated the non-compete provision, that Cohen violated her customer non-solicitation provision, or that Hirsh Jain had committed tortious interference.  *Id.*, at *9-18.  However, the Court concluded that

preliminary relief was warranted as to Radha Jain and Hirsh Jain's violation of their employee non-solicitation obligations, *id.* at *14-16, and Cohen's violation of her confidentiality provision, *id.* at *17.  Accordingly, the Court temporarily enjoined Hirsh Jain and Radha Jain from soliciting, recruiting, attempting to solicit, or attempting to recruit Palantir employees and enjoined Cohen from using or disclosing any confidential information obtained from Palantir. *Id.* at *19.  On March 2, 2026, the Court issued an order amending the PI Opinion to clarify that Hirsh Jain is enjoined from soliciting Palantir employees for twelve months from the date of entry of the PI Opinion, and that Radha Jain is enjoined for twenty-four months from the date of entry of a stipulated temporary restraining order.  (ECF No. 93.)

Defendants filed the present motion to compel arbitration on March 20, 2026, with an accompanying memorandum of law.  (ECF No. 99; ECF No. 100 ("Mem.").)  Palantir filed an opposition on April 3, 2026.  (ECF No. 103 ("Opp.").)  Defendants filed a reply in further support on April 10, 2026.  (ECF No. 106 ("Reply").)  The Court heard argument on the motion on April 15, 2026.

## II.    Legal Standard

The Federal Arbitration Act (the "FAA") provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  This provision reflects a "liberal federal policy favoring arbitration agreements," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and "requires courts to enforce agreements to arbitrate according to their terms," *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012).  "The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  *Moses H.*

4

*Cone Mem'l Hosp.*, 460 U.S. at 24-25. "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. "So, too, may a party already litigating in district court file a motion to compel arbitration." *Pilon v. Discovery Commc'ns, LLC*, 769 F. Supp. 3d 273, 286 (S.D.N.Y. 2025) (citing 9 U.S.C. § 6).

"In deciding petitions and motions to compel arbitration under Sections 4 and 6 of the FAA, 'the court applies a standard similar to that applicable for a motion for summary judgment.'" *Id.* (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). "Where the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [courts] may rule on the basis of that legal issue and avoid the need for further court proceedings." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (cleaned up). Unless the parties consent to dismissal, "the FAA mandate[s] a stay of proceedings when all of the claims in an action have been referred to arbitration." *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015).

**III.    Discussion**

The parties do not dispute that Defendants and Palantir formed a valid arbitration agreement that applies to all claims arising out of Defendants' employment with Palantir. (Mem. at 10-11; Opp. at 7; ECF No. 107 at 12.) Rather, the parties disagree over whether Section 1.D of the Arbitration Agreement permits Palantir to proceed in *this* action, where it seeks only injunctive relief. Palantir argues that Section 1.D, in permitting parties to petition the court for injunctive relief, exempts from mandatory arbitration any action that seeks only preliminary and permanent injunctive relief. (Opp. at 12-13.) Defendants, in contrast, urge the Court to read

5

Section 1.D more narrowly, allowing the parties only to seek injunctive relief in aid of arbitration.  (Mem. at 12-13; Reply at 6-8.)

Section 1.D is not so broad as to exempt all actions for injunctive relief from the expansive scope of the Arbitration Agreement.  Section 1.A requires that any claim arising out of Defendants' employment with Palantir is subject to arbitration, and Section 1.C clarifies that arbitration is the "sole, exclusive, and final remedy" for any dispute between Defendants and Palantir, except as provided in the CPLR and in the Arbitration Agreement.  (Hirsh Jain Arb. Agmt. §§ 1.A, 1.C.)  Section 1.C goes on to provide that, absent an applicable exception, neither Defendants nor Palantir "will be permitted to pursue court action regarding claims that are subject to arbitration."  (*Id.* § 1.C.)  In other words, neither party is permitted to bring suit over claims, like those here, that arise from Defendants' employment with Palantir.  Section 1.D does not carve out an exception for such claims:  Instead, it provides that, "[i]n addition to the right under the Rules to petition the court for provisional relief, . . . any party may also *petition* the court for injunctive *relief* where either party alleges or claims a violation of . . . the [PIIA]."  (*Id.* § 1.D (emphasis added).)

As Courts in this district have repeatedly concluded, an equitable relief provision that does not "say[] that all 'claims' or 'actions' seeking equitable relief are exempted from arbitration" does not serve as a wholesale carveout to arbitration.  *See GateGuard, Inc. v. MVI Sys. LLC*, No. 19-CV-2472, 2021 WL 4443256, at *6 (S.D.N.Y. Sept. 28, 2021) (collecting cases).  The language of Section 1.D—circumscribed only to petitions for injunctive relief—is a far cry from the language that other courts have determined does, in fact, allow all claims for injunctive relief to proceed in court.  *See, e.g.*, *Frydman v. Diamond*, No. 14-CV-8741, 2015 WL 5294790, at *5 (S.D.N.Y. Sept. 10, 2015) (holding that an action for injunctive relief could be

maintained, notwithstanding an arbitration agreement, where the agreement allowed a party to "initiat[e] an action seeking injunctive or equitable relief"). As Judge Cronan held in *GateGuard, Inc. v. MVI Systems LLC*, No. 19-CV-2472, 2021 WL 4443256 (S.D.N.Y. Sep. 28 2021), absent language that expressly permits the bringing of claims or actions for injunctive relief, "an equitable relief provision does not transform arbitrable claims into nonarbitrable ones depending on the form of relief prayed for" and "instead simply confirms an already extant, independent legal right to make injunctive relief in judicial courts of proper jurisdiction available to the parties in aid of arbitration." 2021 WL 4443256, at *6-7 (cleaned up).

A narrow reading of Section 1.D is further supported by the Arbitration Agreement's broad provision in favor of arbitration in Sections 1.A and 1.C. *See Erving v. Virginia Squires Basketball Club*, 468 F.2d 1064, 1067 (2d Cir. 1972) (holding that, in light of an agreement that required the parties "to arbitrate any disputes arising between them," a provision "relative to 'obtaining an injunction or other equitable relief' is merely declaratory of existing legal rights"). The most reasonable construction of the Arbitration Agreement "harmonizes the various provisions," *Bolden v. DG TRC Mgmt. Co., LLC*, No. 19-CV-3425, 2019 WL 2119622, at *5 (S.D.N.Y. May 15, 2019), without "significantly narrow[ing] the broad provision for arbitration," *id.* (quoting *Remy Amerique, Inc. v. Touzet Distribution, S.A.R.L.*, 816 F. Supp. 213, 218 (S.D.N.Y. 1993)). Defendants' reading therefore better complies with New York law requiring that "[e]ffect and meaning . . . be given to every term of the contract, and reasonable effort . . . be made to harmonize all of its terms." *Id.* (quoting *India.Com, Inc. v. Dalal*, 412 F.3d 315, 323 (2d Cir. 2005)).

Palantir principally argues that Section 1.D necessarily allows its case to proceed in court because the pertinent clause, recognizing the right to "petition the court for injunctive relief

7

where either party alleges or claims a violation" of the PIIA, stands alongside another clause that recognizes "the right under the Rules to petition the court for provisional relief." (Hirsh Jain Arb. Agmt. § 1.D; Opp. at 13-14.) Palantir argues that "injunctive relief" under Section 1.D cannot mean the same thing as "provisional relief" pursuant to canons of statutory interpretation that disfavor redundancy and favor affording different meaning to different language, and therefore that the "injunctive relief" clause must permit actions to proceed in federal court when they seek only injunctive relief. (Opp. at 14-15.)

Contrary to Palantir's arguments, Defendants' proffered reading does not render any part of Section 1.D redundant. Section 1.D's reference to the "Rules" incorporates Article 75, Section 7501 through 7514, of the CPLR. (Hirsh Jain Arb. Agmt. §§ 1.A, 1.D.) Section 7502(c) of the CPLR, which governs provisional remedies, provides that a "court in the county in which an arbitration is pending or in a county specified in subdivision (a) of this section, may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitration that is pending or that is to be commenced . . . but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief." N.Y. C.P.L.R. 7502(c). "If an arbitration is not commenced within thirty days of the granting of the provisional relief, the order granting such relief shall expire and be null and void," absent a showing of good cause to expand this period. *Id.*

Accordingly, the first clause of Section 1.D, which recognizes "the right under the Rules to petition the court for provisional relief" (Hirsh Jain Arb. Agmt. § 1.D), concerns only the limited right established by the CPLR to seek preliminary relief necessary to prevent any ultimate award from being ineffective. Any injunctive relief awarded pursuant to that clause of Section 1.D also automatically sunsets if arbitration is not commenced within thirty days. The

8

second clause of Section 1.D, creating the additional right to "petition the court for injunctive relief where either party alleges or claims a violation of . . . the [PIIA]" (*id.*), allows parties to seek other forms of injunctive relief in support of their arbitrable claims, such as a preliminary injunction that does not automatically expire after thirty days or, if a movant prevails in arbitration, a permanent injunction. Defendants' reading of Section 1.D therefore recognizes both the ability to seek provisional relief under the CPLR and the ability to seek additional, distinct equitable relief. This reading is coherent and does not render any part of Section 1.D superfluous. Moreover, even if there were any ambiguity, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

In short, the Arbitration Agreement requires mandatory, exclusive arbitration over Palantir's claims in this action, and Section 1.D of the agreement does not exempt the action just because Palantir seeks only injunctive relief. Section 1.D lacks the language necessary to exempt all claims for injunctive relief from mandatory arbitration, and instead merely allows parties who have arbitrable claims to seek preliminary injunctive relief in support of arbitration or to secure permanent injunctive relief to effectuate the decision of the arbitrator.

## IV.    Conclusion

For the foregoing reasons, Defendants' motion to compel arbitration is GRANTED. The case is hereby STAYED pending arbitration.

The Clerk of Court is directed to terminate the motion at ECF No. 99 and to mark this case as stayed.

SO ORDERED.

Dated:  May 12, 2026
         New York, New York

_____
J. PAUL OETKEN
United States District Judge